Frances E. STERNSTEIN, Plaintiff-Appellant,

v.

"ITALIA"–SOCIETA PER AZIONI DI NAVIGAZIONE–GENOA, also known as Italian Line, Defendant-Appellee.

No. 180, Docket 25745.

United States Court of Appeals Second Circuit.

Argued Feb. 4, 1960.

Decided Feb. 26, 1960.

new trial and the motion was granted. Thereafter the order granting the new trial was vacated "as not timely made."

We need not decide whether it was too late to move for a new trial under Rule 59(b), which contains the ten day limitation. It is clear that a motion for a new trial under Rule 60(b) may be made "within a reasonable time," and the delay here was no more than a few days. The trial judge believed the interests of justice required a new trial and the record discloses that there was a proper basis for such belief. Rule 60(b) was not intended to deprive a trial judge of his discretionary power to direct a new trial whenever he considered such a course necessary to defeat injustice. As we find no abuse of such discretion, we vacate the order of April 3, 1959 and reinstate the order of January 20, 1959 granting the new trial. Accordingly, the case is remanded.

---

Louis R. Harolds, New York City (Standard, Weisberg, Harolds & Malament, New York City, on the brief), for plaintiff-appellant.

Robert Wang, New York City (Morgan J. Burke, Jr., William P. Larsen, and Dorsey & Burke, New York City, on the brief), for defendant-appellee.

Before MEDINA and WATERMAN, Circuit Judges, and MADDEN, Judge, United States Court of Claims *.

PER CURIAM.

At the close of the trial of this action to recover damages for personal injuries the doctor who was to have been subpoenaed and produced did not appear and the case was dismissed. Later findings of fact and conclusions of law were filed as required by F.R.Civ.P. Rule 52, 28 U.S.C.A. More than ten days after the docket entry of the dismissal but less than ten days after the filing of the findings plaintiff made a motion for a