Jones, Inc., *a corporation*

*v.*

W. A. Wiedebusch Plumbing and Heating Co.,

*a corporation*

*v.*

Emsweller Incorporated, *a corporation and*

Norris Industries, *a corporation*

(No. 13298)

Submitted October 2, 1973.   Decided December 11, 1973.

274

*George R. Farmer, Jr., Farmer & Farmer,* for Norris Industries.

*McWhorter, McNeer & Highland, W. Paul McWhorter* for Emsweller Inc.

*Furbee, Amos, Webb & Critchfield, Alfred J. Lemley and Kenneth R. Miller* for Wiedebusch.

BERRY, CHIEF JUSTICE:

The facts developed during the trial of this case are set out in more detail in the opinion of the companion appeal case involving the same parties, but a brief statement of the facts for the disposition of this appeal, which involves a procedural question, follows:

This action was instituted after a sprinkler head installed for fire prevention purposes in a retail department store discharged for no apparent reason and resulted in water damage to merchandise in the amount of $9,148.87. Jones, Inc., the department store and plaintiff below, had contracted with W. A. Wiedebusch Plumbing and Heating Company, the defendant and third party plaintiff below, in 1968 to replace certain sprinkler heads throughout the store. Wiedebusch ordered the sprinkler heads from Emsweller Incorporated, one of two third party defendants below, and Emsweller also installed the new sprinkler heads in the store. Emsweller purchased the sprinkler heads directly from Norris Industries, the other third party defendant. The installation of the sprinkler heads was completed in October, 1968, but on January 9, 1969 one of the sprinkler heads discharged water causing damage to the merchandise and fixtures of

the plaintiff Jones. Jones brought an action to recover the damages from Wiedebusch who filed a third party action against Emsweller and Norris. The jury returned a verdict for Wiedebusch only and the court entered final judgment in favor of Wiedebusch on April 15, 1972 and dismissed all claims against the third party defendants Emsweller and Norris against whom no verdict had been returned.

Jones then made a timely motion within ten days, in accordance with the provisions of Rule 50(b), R.C.P., to have the verdict and judgment entered thereon set aside and to have judgment entered in accordance with its motion for a directed verdict, or, in the alternative to have a new trial awarded in accordance with the provisions of Rule 59(b), R.C.P. This motion was served on Wiedebusch only and a hearing was held on the motion April 18, 1972, at which time the motion of Jones to set aside the verdict and enter judgment in its favor was overruled, but the motion to set aside the verdict of the jury and the judgment entered thereon and to award the plaintiff a new trial was granted. Wiedebusch, the defendant and third party plaintiff, then moved the court to set aside the judgment entered on April 15, 1972 dismissing the third party claim against the third party defendants, Emsweller and Norris, and reinstate them as third party defendants. The court directed counsel for Wiedebusch to notify counsel for Emsweller and Norris that if they had any objection to Wiedebusch's motion they should appear on May 8, 1972 at which time they could file objections and be heard. An order was prepared containing the court's action taken on April 18, 1972 but was not entered until May 9, 1972 which was after the May 8th hearing on Wiedebusch's motion to reinstate the third party defendants. As a result of the May 8th hearing another order was entered on May 9, 1972 in which Norris' objections to Wiedebusch's motion to reinstate the third party defendants were contained but Norris' objections were overruled by the court and

Wiedebusch's motion to reinstate Norris and Emsweller was granted.

On April 27, 1972 Wiedebusch notified the attorneys for Norris and Emsweller by letter of the May 8th hearing on the motion, in accordance with the direction of the court on April 18, 1972. The letter referred to a copy of the order previously forwarded to them setting aside the verdict in favor of Wiedebusch and stating that the motion of Wiedebusch to set aside the judgment dismissing the third party defendants and to reinstate them as third party defendants would be heard on May 8, 1972. Norris Industries appealed the order of the Circuit Court of Marion County reinstating it as a third party defendant and the appeal was granted by this Court on December 18, 1972 and it was submitted for decision on arguments and briefs on behalf of the respective parties on October 3, 1973.

Emsweller did not file a petition for appeal from the order of the Circuit Court of Marion County, and the time for appeal having expired, the judgment of the circuit court reinstating it as a third party defendant is final.

It is the contention of Norris that the trial court erred in setting aside the final judgment of April 15, 1972 and reinstating it as a third party defendant because no written motion was made by Wiedebusch within ten days of the final judgment as required by Rule 50(b) and Rule 59(b), R.C.P. It is the contention of Wiedebusch that its motion to set aside the order dismissing the third party defendant and reinstating the third party defendant was made under Rule 60(b) (5), R.C.P., which provides that: "On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding * * * [where] * * * the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; * * *."

Norris contends that neither Wiedebusch nor the trial court considered the motion to set aside the final judgment of April 15, 1972 as having been made pursuant to Rule 60 (b) (5), R.C.P., as no mention is made in the record of the motion being made under Rule 60 (b) (5), R.C.P. It is immaterial whether or not the specific rule is mentioned if the rule is suitable or proper in a given instance. See *State ex rel. Dandy v. Thompson,* 148 W.Va. 263, 134 S.E.2d 730. Even if a motion for judgment or for a new trial is not timely made under Rule 50 (b), R.C.P. or Rule 59 (b), R.C.P., a motion may be considered under Rule 60 (b) (5), R.C.P., if it states grounds sufficient for relief thereunder. 6A Moore, Federal Practice, ¶ 59.04[7] (2d ed.). It has been held that even if a motion is not timely filed under Rule 59 (b), R.C.P., the court has the power, if the motion falls within the purview of Rule 60 (b), R.C.P., to direct a new trial if it considers such course necessary to defeat injustice and the motion is made within a reasonable time. *Sternstein v. "Italia"-Societa Per Azioni Di Navigazione-Genoa,* 275 F.2d 502.

Wiedebusch's third party action against Norris was contingent upon the original action against Wiedebusch. When the original plaintiff Jones failed to recover against Wiedebusch after the jury returned the verdict in favor of Wiedebusch then Wiedebusch had no claim against Norris and it was proper for the court to dismiss Wiedebusch's third party claim against Norris at that time. When the court set aside the verdict in favor of Wiedebusch and granted the original plaintiff a new trial on April 18, 1972 the dismissal of Norris would have resulted in an injustice against Wiedebusch if the new trial resulted in a judgment against Wiedebusch and Norris had not been reinstated as a third party defendant. It was at the hearing on Jones' motion to set aside the verdict and the judgment thereon in favor of Wiedebusch that Wiedebusch immediately made an oral motion to reinstate the third party defendants after the judgment in favor of Wiedebusch had been set aside. Wiedebusch's motion was incorporated in a written order by the trial court, a copy of which was

sent to Norris. See Rule 7(b) (1), R.C.P. Wiedebusch, in writing, on April 27, 1972 advised Norris of the hearing on said motion to be held on May 8, 1972 at which time the motion was granted after a full hearing. Norris had actual notice in writing with regard to Wiedebusch's motion and it would appear that the Rules of Civil Procedure were complied with because of the actual notice to Norris. See *Piper v. Miller,* 154 W.Va. 178, 173 S.E.2d 662; LUGAR AND SILVERSTEIN, W.VA. RULES OF CIVIL PROCEDURE, page 70. Inasmuch as the motion clearly comes within the provisions of Rule 60(b) (5), R.C.P., it was not necessary for the motion to be made within ten days as required by Rules 50(b) and 59(b), R.C.P.; *Sternstein v. "Italia"-Societa Per Azioni Di Navigazione-Genoa,* 275 F.2d 502.

The ruling of the trial court in setting aside its final judgment dismissing Norris as a third party defendant when the judgment upon which it was based was set aside and a new trial granted to the initial plaintiff alleviates the possibility of an injustice against the third party plaintiff Wiedebusch in case a judgment was later entered against it, and the ruling under the circumstances of the case at bar was clearly right.

The judgment of the Circuit Court of Marion County reinstating Norris as a third party defendant is affirmed.

*Judgment affirmed.*