540 P.2d 1258

**SOUTHERN PACIFIC TRANSPORTATION COMPANY, a Delaware Corporation, Appellant,**

v.

**Melanie LUECK in her Individual capacity and as surviving widow of William T. Lueck, Appellee.**

**No. 11768-PR.**

Supreme Court of Arizona, In Banc.

Oct. 7, 1975.
Rehearing Denied Nov. 18, 1975.

**278**

Bilby, Thompson, Shoenhair & Warnock, by Harold C. Warnock, Richard M. Bilby, Tucson, for appellant.

Barber, Haralson, Giles & Moore, by D. Dale Haralson, Tucson, for appellee.

The Association of Trial Lawyers of America, Arizona Branch by Robert G. Begam, Phoenix, amicus curiae.

STRUCKMEYER, Vice Chief Justice.

On February 18, 1975, while this matter was pending for decision, appellant Southern Pacific Transportation Company filed with this Court a motion to supplement the record. The motion was supported by an affidavit that the plaintiff's reconstruction expert, one A. W. Dickinson, did not have the expert qualifications to which he had testified at the trial. It was based on newly discovered evidence and filed assertedly under the authority of Rule 75(h) of the Rules of Civil Procedure, 16 A.R.S.

On April 25, 1975, this Court rendered its decision, *Southern Pacific Transporta-* *tion Company v. Lueck,* 111 Ariz. 560, 535 P.2d 599 (1975). In it we held that Rule 75(h) did not authorize the supplementation of the record with evidence which might have been relevant to the issues tried in the Superior Court, saying that a motion for new trial filed in the Supreme Court was not addressed to its appellate jurisdiction but was in the nature of an original proceeding which the Court would not entertain. However in the interests of justice we concluded to return the cause to the Superior Court, under the authority of the constitutional provision, Article 6, § 5, subsec. 5. We said:

> "Since it is palpably impossible for the members of this Court to determine whether the asserted perjury was such as to probably affect the outcome upon a retrial * * * we have decided to treat defendant's motion as a timely motion for a new trial under Rule 60(c), Rules of Civil Procedure, 16 A.R.S."

The case was remanded to The Honorable Lloyd Helm, Judge of the Superior Court of Cochise County, who, having had the opportunity to see and hear the witness, had the necessary feel for the case, to determine first, pursuant to Rule 60(c) whether the asserted newly discovered evidence could not have been discovered by due diligence in time to move for a new trial under Rule 59(d), 16 A.R.S., and, second, whether the asserted newly discovered evidence (perjury) was of such a character as to give reasonable assurance that it would work a different result upon retrial. In order to obviate the necessity of another appeal, we directed the Superior Court to advise this Court of its ruling, giving both parties ten days within which to file objections and ten days within which to respond, saying that this Court would then affirm the judgment or reverse with an order directing a new trial as it deemed fit in the premises.

The Superior Court filed with this Court on the 12th day of August 1975 its "Report and Decision." It answered the two ques-

tions posed by this Court favorably to the appellee and against appellant; first, that the newly discovered evidence could have been discovered by due diligence in time to move for a new trial under Rules 59(d) and 60(c), 16 A.R.S., and, second, that the asserted newly discovered evidence was not of such a character as to give reasonable assurance that it would work a different result upon a retrial.[1]

I. "The Supreme Court of the State of Arizona having remanded the above entitled matter to this Court for determination of certain matters, the trial Court reports as follows:

In discussing briefly some of the matters considered by this Court in making the determination required by the Mandate of the Supreme Court, this Court will refer to the question of whether or not, pursuant to Rule 60(c), the asserted newly discovered evidence could have been discovered by due diligence in time to move for a new trial under Rule 59 (d), 16 A.R.S., as the first question. The question of whether or not the asserted newly discovered evidence is of such a character as to give reasonable assurance that it will work a different result upon retrial will be designated as the second question.

In considering the first question, it is clear that the railroad company had numerous special agents, police officers, and a large legal staff in its employ for the purpose of investigating the facts of all cases, and had unusual facilities for discovering the truth and the real facts and for preparing cases for trial. This is amply demonstrated by the results of the efforts of such employees after they began their investigation into the question of the asserted perjury. It is felt that very simple inquiries, in the early stages, directed to one or more of the numerous references set forth by Dickinson in his very detailed 'resume' of his educational background and experience, would have raised enough question that a more complete investigation might have been advisable, with possibly the same findings as revealed by Southern Pacific in this case and by the Defendants in the proceedings in chambers in the case before the Superior Court of San Joaquin County, California, on June 12, 1974. (*Torres vs. National Abrasive Company*, No. 103899, Dept. 7, San Joaquin County, California, in which the same witness was alleged to have given perjured statements regarding his qualifications.)

The Appellant was advised by the Plaintiff about six weeks before trial that Dickinson would testify as an expert in the trial, and his deposition was taken on July 19, 1973, at which time the expert's resume on his educational background, training and experience was furnished Appellant. In the resume, the expert listed, among others, ten other cases in which he had been consulted or testified during the year prior to the resume, cases involving crossing accidents in which the Southern Pacific Company was a Defendant. It is apparent that Mr. Dickinson was not a total stranger to the legal staff of Southern Pacific Company prior to, during and subsequent to the instant trial. There is no showing of what diligence, if any, was used by Appellant to discover the omitted evidence until a short time before the filing of its Motion for New Trial in the Supreme Court on February 18, 1975, or until the expert was unmasked in the San Joaquin County case. No diligence whatsoever seems to have been exercised by the Appellant in inquiring into the qualifications of Dickinson, although it has had, and did have in this case, ample opportunity so to do.

Considering the second question, this Court cannot give reasonable assurance that the asserted newly discovered evidence is of such a character that it will, or would, work a different result upon a retrial.

Casting aside the witness' testimony concerning his educational background and experience, his testimony was merely that of a typical accident reconstruction expert.

As a matter of fact, counsel for the Appellant have never questioned the truth of Mr. Dickinson's material testimony concerning the speed of the train, speed-distance-time calculations, stopping distances, etc. The witness' opinions and conclusions concerning the pertinent portion of his testimony were verified for local trial counsel by the railroad company's representatives in their San Francisco offices. All concerned were satisfied with the conclusions, procedures, formulas used, etc., to the extent that no expert testimony was offered at the trial to contradict his accident reconstruction testimony. There has never been a contention on the part of the railroad that the technical testimony was false or inaccurate, despite the fact that his testimony concerning his credentials may have been false.

The only possible use for the asserted newly discovered evidence would be for the purpose of impeachment. It is indicated that Dickinson's testimony based upon the formulas used, mathematical computations, data used, etc. were in accordance with commonly accepted standards, and would not be expected to be different on a new trial. At least, Appellant has not argued this, and we must therefore assume that it is true.

The Southern Pacific Transportation Company duly filed its objections thereto, questioning the decision of the court below on both issues.

As to the issue of timeliness, Rule 59(d) provides that a motion for new trial shall be served no later than ten days after the entry of judgment. Appellant urges that thirty-eight days elapsed after taking Dickinson's deposition on pre-trial discovery to the date the motion for new trial was filed, and argues that it would have taken more than thirty-eight days to establish that Dickinson committed perjury in testifying as to his qualifications as an expert.

Appellant, however, passes over the express conditions of Rule 60(c). That rule provides that a court may relieve a party of a final judgment within six months after the judgment was entered for:

"(2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(d)."

■ The trial in this case was concluded on the 17th day of August 1973. It was not, however, until nearly a year and one-half later, on February 18, 1975, that appellant's motion was filed in this Court. Appellant's counsel made no investigation whatsoever of Dickinson's qualifications as an expert before trial or within the six-month period after judgment, but, rather, seems to have fallen heir to an investigation made by counsel in another case then being considered in the superior court in California nearly one year later. The trial court's conclusion that "[n]o diligence whatsoever seems to have been exercised by the Appellant in inquiring into the qual-

ifications of Dickinson" has the complete support of the record.

■ The appellant states that the trial court determined that the newly discovered evidence would not effect a different result upon retrial. This is not precisely what the trial court said. It specifically reported:

"Considering the second question, this Court cannot give reasonable assurance that the asserted newly discovered evidence is of such a character that it will, or would, work a different result upon a retrial."

Appellant did not at the time of trial question the truth of Dickinson's testimony concerning the speed of the train, speed-distance-time calculations, and stopping distances. It offered no expert testimony to contradict that of appellee's witness. Nor does appellant now assert that Dickinson's technical testimony was false or inaccurate.

We have held that in testing whether a trial court abused its discretion in granting or failing to grant a motion for a new trial:

" * * * we must determine not whether we might have so acted under the circumstances but whether the trial court in performing the challenged act exceeded the bounds of reason." *Bradley v. Philhower,* 81 Ariz. 61, 63, 299 P. 2d 648, 649.

We think it is aptly stated in *Barton v. Plaisted,* 109 N.H. 428, 256 A.2d 642, 38 A.L.R.3d 799 (1969) that:

"A new trial will be granted only if specified conditions are met, which include findings that the parties were not

There would appear to be sufficient evidence in the record as to speed, etc. to justify the verdict even without the testimony of Dickinson.

The Court having heard the argument of the attorneys applicable to the questions submitted to this Court by the Supreme Court for determination under its Mandate, having considered the voluminous record, pleadings, memoranda submitted by the parties, and evi-

dence submitted, the Finding, Judgment and Determination of the Court is as follows:

1. Pursuant to Rule 60(c), the asserted newly discovered evidence *could* have been discovered by due diligence in time to move for a new trial under Rule 59(d), 16 A.R.S.

2. The asserted newly discovered evidence is *not* of such a character as to give reasonable assurance that it would work a different result upon a retrial."

at fault in not discovering the evidence at the former trial and that the newly discovered evidence is such that a different result will probably be reached upon new trial."

Both appellant and appellee have submitted extensive memoranda to this Court, that of the appellant objecting to the Report and Decision of the trial court and that of appellee in support thereof. We think, however, it is sufficient to say that the record adequately supports the trial judge and that it is unnecessary to comment further.

Appellant's motions for oral argument and to file a further brief in reply are denied. The judgment of the Superior Court is affirmd.

CAMERON, C. J., and HAYS, HOLOHAN and GORDON, JJ., concur.