646 P.2d 893

Mitchell FOSTER, Plaintiff/Appellant,

v.

CAMELBACK MANAGEMENT COMPANY, dba Las Colinas Apartments, an Arizona corporation, Defendant/Appellee.

No. 2 CA–CIV 4167.

Court of Appeals of Arizona, Division 2.

May 28, 1982.

Haralson, Kinerk & Morey, P. C. by Carter Morey, Tucson, for plaintiff/appellant.

Slutes, Browning, Sakrison & Grant, P. C. by Tom Slutes, Tucson, for defendant/appellee.

OPINION

BIRDSALL, Judge.

The only issue in this appeal concerns the alleged misconduct of the jury. The trial of this case in the superior court resulted in a defense verdict on June 11, 1981. Judgment was entered on that verdict in favor of the appellee, Camelback Management Company, and against plaintiff-appellant, Mitchell Foster, on June 18. Notice of appeal from that judgment was timely filed July 17. On August 10 the trial judge received the following letter from a juror.

"My name is Christina Morgan, I was on a jury for which you were Judge—I don't know if this is important—I just know I'll feel better finding out if the matters I have written below are of importance.

When I was in the Deliberation Room there were two incidents that displeased me—One was: One gentleman said that he had read on a paper outside the court room that the Plaintiff (we were judging) was sueing [sic] other company (Harley Davidson) which was not in the evidence we had to work with.

Second was: One young man handed the jurors that were undecided, a news paper and told them to read a (sic) article on a law, which was also not the evidence which the court gave us to work with.

I thank you very much if you can tell me if these two items matter."

On August 12 or 26, the trial judge notified the attorneys of the receipt of the letter. On August 31 the appellant filed a motion for new trial in the trial court and a motion in this court for suspension of the appellate rules and reinstatement of jurisdiction in the trial court to hear the new trial motion. In the motion for new trial the appellant contended that the unsolicited letter demonstrated misconduct of the jury.

On November 25, this court revested jurisdiction in the trial court and on December 14, the motion for new trial was denied.

Before considering the issue raised on appeal we believe we should address the procedure by which both parties agree we are able to consider that issue.

■ Motions for new trial must be filed not later than 15 days after entry of the judgment. Rule 59(d), Arizona Rules of Civil Procedure, 16 A.R.S. This time may not be enlarged. *Welch v. McClure*, 123 Ariz. 161, 598 P.2d 980 (1979). Since the grounds for this motion were not known until after that time had expired, the motion should have been filed pursuant to one of the provisions of Rule 60(c), which provides that the court may relieve a party from a final judgment because of ... "(2)

newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(d)," or for "(6) any other reason justifying relief from the judgment."

■ Even though the motion was not filed under Rule 60 the trial court could treat it as a timely motion under that rule. *Southern Pacific Transportation Co. v. Lueck*, 111 Ariz. 560, 535 P.2d 599, on remand, 112 Ariz. 277, 540 P.2d 1258 (1975). *See Also Moore's Federal Practice*, § 59.-04(7); Wright & Miller, *Federal Practice and Procedure*, § 2812.

We now turn to the issue before us. Rule 59(a)(2) provides that a new trial may be granted for misconduct of the jury materially affecting the rights of the aggrieved party.

The appellant's written motion for new trial contained a misstatement of law to the effect that affidavits from jurors are not admissible to impeach their verdict. For that reason, the appellant argued that the court should accept the unsolicited letter as proof of misconduct since no better evidence could be lawfully obtained. If the appellee filed a written opposition to that motion it has not been made a part of the record on appeal. The argument on the motion was not reported. There was no evidentiary hearing. After argument, the motion was denied, but no reason is stated in the minute entry.

We believe the trial court could properly have denied the motion because no sworn testimony or an affidavit from the juror was offered. Even though the juror's letter was unsolicited, thus the appellant argues, importing a high degree of credibility and trustworthiness, it was not sworn testimony or an affidavit.

■ In civil cases a juror may testify on the question whether extraneous prejudicial information was improperly brought to the jury's attention. Rule 606(b), Rules of Evidence, 17A A.R.S. The affidavit of the juror may be considered for the purpose of showing misconduct of the nature described in Rule 606(b) absent a request for a

hearing at which the juror would be called to testify. *Kirby v. Rosell,* —— Ariz. ——, 648 P.2d 1048 (No. 1 CA–CIV 5329, filed May 11, 1982). No cases cited hold that any proof short of testimony or an affidavit will suffice to set aside a jury's verdict for misconduct of the nature alleged, and we have found no such authority. We do not believe that such extraordinary relief should be granted upon any evidence less than testimony or affidavit.

We find no error.

Affirmed.

HOWARD, C. J., and HATHAWAY, J., concur.