Frank G. Yates et al.

v.

E. F. Thompson.

*Practice—Rule as to Filing Briefs—Chancery Practice—Answer of Defendant—Allegation Not Denied, Effect of.*

1.  In the case presented, appellant failed to file his brief until after the date required by the rule, but upon the day he did so, appellee obtained an enlargement of the time in which to file his own brief; this court holds that appellee thereby waived his right to claim that the decree of the court below be affirmed under the rule.

2.  In chancery practice the rule is that every material allegation of the bill, not admitted, is, if the defendant answer at all, denied.

3.  The evidence by which a decree is supported, or the facts on which it is founded, must in some way be preserved in the record, where relief is given, or there is error.

[Opinion filed March 4, 1892.]

Appeal from the Circuit Court of Cook County; the Hon. Murray F. Tuley, Judge, presiding.

Mr. E. A. Sherburne, for appellants.

Messrs. Keator & Thompson, for appellee.

Gary, J.    The appellant filed his abstract two days and his brief three days later than required by rule 27, but on the day the brief was filed, the appellee applied for and obtained a corresponding enlargement of time for his brief. He has filed a brief on the merits, insisting, however, upon the enforcement of that rule against the appellant. This court has always found itself unwilling to enforce that rule. Goudy v. City of Lake View, 27 Ill. App. 505. That performance may keep pace with promise, the rule will be changed so that the dismissal of the appeal or writ of error will be the penalty, instead of an affirmance of the judg-

ment or decree, and then it can be enforced without compunction, as such dismissal will be no bar. In this case we hold, obtaining further time for appellee's brief waived his right to claim that the decree should be affirmed under the rule.

On the merits this is a judgment creditor's bill by the appellee against the appellant, based upon a judgment rendered by a justice of the peace and execution thereon, returned *nulla bona*. On the hearing, the whole contest was whether the proceeds of a certain other judgment in favor of the appellant, the money to pay which was ready, should go to the appellee, or to one to whom it was alleged it was assigned by the appellant. The fact that this was the contest, and the amount in controversy trifling, probably caused a principle of chancery practice to be overlooked, which the appellant has now the right to, and does, insist upon. At law, every material allegation in pleadings not denied, is admitted; in chancery the rule as to the allegations of the bill, is reversed; what is not admitted is denied, if the defendant answer at all. "The complainant must establish by proof whatever is not admitted by the answer, whether it be denied or not." Dooley v. Stipp, 21 Ill. 86.

While the judgment was perhaps proved by parol without objection, which we pass by without comment, no attempt was made to prove any execution. Heacock v. Durand, 42 Ill. 230, is in point.

The evidence by which a decree is to be supported, or the facts on which it is founded, must in some way be preserved in the record, where relief is given, or there is error. White v. Morrison, 11 Ill. 361; Hughes v. Washington, 65 Ill. 245.

The decree must be reversed and the cause remanded.

*Reversed and remanded.*