People ex rel. Mary S. Crofut v. John Gibbons.

1. MANDAMUS—*To Compel a Judge to Sign a Bill of Exceptions.*— A writ of mandamus will lie to compel a judge to sign a bill of exceptions, but it is for him to determine the accuracy of the matters to be incorporated in it.

**Memorandum.** — Mandamus.   Original proceedings in this court. Heard at the March term, 1894, and mandamus granted.   Opinion filed April 5, 1894.

The opinion states the case.

W. H. HECKMAN and J. G. ELSDON, attorneys for petitioner.

. MARSTON, AUGUR & TUTTLE, attorneys for respondent.

MR. PRESIDING JUSTICE SHEPARD DELIVERED THE OPINION OF THE COURT.

This is an application for a peremptory writ of mandamus against the respondent, who is one of the Circuit Court judges of Cook county, requiring him to sign and seal a bill of exceptions, showing all the evidence offered in the cause of Frederick C. Aldrich vs. the relator and others, in the said Circuit Court, including all the evidence offered at the time of the rendition of the judgment, as well as all the evidence offered upon the motion to set aside said judgment.

The judgment was entered by confession upon promissory notes, under a power claimed to be conferred by certain warrants of attorney attached to said notes.

The respondent by his answer denies that he has ever refused to sign a bill of exceptions which shall contain all that occurred before him on the motion to set aside the judgment, but admits that he did refuse to sign the bill of exceptions which was presented to him, because it purported to include matters and things which occurred in court before him at the time judgment was entered in said cause, concerning which no affidavit or other testimony was presented at the hearing of the motion to set aside the judgment, and says that a judge ought not to be permitted to certify to matters not so presented by affidavits or other methods known to the law, when such matters do not appear of record, or of which there is no memoranda of record, because a judge is not supposed to remember all that transpired at the time of rendering judgment, and concludes by offering to obey, so far as he is able, the mandate of this court if it

shall be determined that he ought to sign and seal a bill of exceptions purporting to contain matters which are not made to appear otherwise than by his recollection of what transpired at the time the judgment was entered.

It is alleged in the petition and is not denied by the respondent, that no evidence was offered or heard by the court when the judgment was entered except the original notes and warrants of attorney.

For the purposes of this opinion it may be assumed, from the petition and answer, that the controversy is as to whether the judge should incorporate into a bill of exceptions a negative fact recollected by him but which is not made to appear by affidavit or otherwise.

It was held by this court in The People v. Horton, 46 Ill. App. 439, that as an incident to a party's right to a bill of exceptions, he has a right to the assistance of the judge, whenever necessary, to enable him to present a true and complete bill.

In Anderson v. Field, 6 Ill. App. 307, it was held that a negative fact, such as that no proceedings in open court were had, or no evidence was heard, being a fact within the personal knowledge of the judge, need not be shown by proof *aliunde*.

And, as was held in The People v. Williams, 91 Ill. 87, and The People v. Gary, 105 Ill. 264, if no memoranda of the proceedings were made at the time, and the judge can not remember what transpired, he may, with the aid of counsel on each side of the case, or of witnesses who, if there were any, had been sworn on the trial, determine what the fact was about the evidence, or lack of evidence, if there was none, that should be incorporated into the bill of exceptions. The motion to vacate the judgment was made at the same term, and the application for the bill of exceptions was made in due time.

The judge never stated to the party applying for the bill that he did not remember that no evidence besides the notes and warrants of attorney were offered, and until he should have done so, counsel for petitioner was not required to make proof *aliunde* of what did not transpire.

The petition alleges that the judge did state on the hearing of the motion to vacate the judgment that there was no other evidence presented than the papers spoken of, and the respondent by his answer substantially admits that he did so say, but sets up in avoidance of the effect of such statement, the counter-statement that it was not made as a recital of what actually happened, nor as evidence, nor as an admission.

Although such a statement should not be held as binding the judge who made it to incorporate into the bill of exceptions the fact about which he was speaking, in the same broad manner in which he stated it, nevertheless such a statement, unrecalled, afforded justification to the relator for not producing evidence of the fact *aliunde.*

Every bill of exceptions when properly made up embodies a statement of the negative fact that it contains all the evidence, and such statement is certified to by the trial judge.

The point that a judge should not certify to facts which transpired on the trial before him, the existence of which rest within his personal recollection of what did then transpire, because such facts might tend to impeach the record of the judgment rendered by him, can not be sustained.

The object of a bill of exceptions is to present to the Appellate Court all such proceedings and matters as transpired in the court below and as do not appear of record, relating to the order or judgment appealed from, in order that such order or judgment may be overturned, if error shall have intervened.

The certification by the judge to the true facts as they transpired in this cause, can no more be said to constitute an impeachment of the record made by him, than would be the case of the certificate by the judge to any other bill of exceptions.

What is wanted is the truth as to what transpired and as to all that transpired. This can only be established by a bill of exceptions, signed and sealed by the judge, as to all things other than what appears by the record proper,

wherein either by express and affirmative statement, or by way of negation and exclusion, everything may be known.

Having the fact thus established, the effect of such fact is to be determined by the reviewing tribunal.

If the trial judge has within himself, by recollection or otherwise, the means of determining what the fact is, he should incorporate it into the bill, and if he does not retain sufficient recollection or otherwise know the fact, he may avail himself of any lawful mode of ascertaining it.

" We do not hold that the certificate of evidence prepared by the petitioner and presented to the judge, is the one to be signed by the respondent.

We merely decide that, under the circumstances of this case, the petitioner is entitled to have a certificate of evidence signed.   It is for the respondent, the judge before whom the cause was tried, to determine the accuracy of the certificate and things to be incorporated in it.

As said in The People v. Pearson, 2 Scam. 189, he must sign such a one as he believes to be correct, and none other." People v. Williams, *supra*.

The peremptory writ of mandamus is awarded.