**Helen Considine, Appellant, v. George Hill, Appellee.**

**Gen. No. 47,557.**

First District, Second Division.
June 2, 1959.
Released for publication June 26, 1959.

Baker, McKenzie and Hightower, of Chicago (John C. McKenzie, Francis D. Morrissey, of counsel) for appellee.

JUSTICE KILEY delivered the opinion of the court.

This is a personal injury action with verdict and judgment for defendant. Plaintiff has appealed claiming error in the trial court's denial of her post-trial motion which alleged unfairness because during the jury's deliberation, the bailiff, at a juror's request, handed the juror toy automobiles which had neither been admitted in evidence nor used at the trial.

On May 15, 1957, the jury returned the verdict. The record shows that the judgment was entered the same day. On June 13, 1957, plaintiff filed her post-trial motion. On March 3, 1958, the court denied plaintiff's motion for leave to file an affidavit and denied the post-trial motion for a new trial.

The question is whether the trial court abused its discretion in denying the post-trial motion.

The pertinent ground asserted for new trial was the "unauthorized and illegal experiments conducted by the Jury without the knowledge or consent of Court or Counsel." The motion states that the case involved an issue of fact about movements of automobiles; that

during the jury's deliberations toy automobiles were brought into the jury room and "used or otherwise employed . . . to conduct experiments . . . in attempting to reconstruct the occurrence . . . and to explain or otherwise interpret the evidence. . . ."; and that the toys were not in evidence and were not referred to at the trial. Plaintiff argues that the court ought to have permitted the filing of the affidavit.

We think it is unnecessary to consider the question whether the court erred in refusing to grant a new trial on the ground stated in the motion. In our opinion the court could, for good reason, in a proper exercise of discretion, refuse to grant leave to file the affidavit and refuse to grant a new trial.

The proffered affidavit is made by plaintiff's trial attorney. It states that he "observed the Bailiff . . . in response to a knock on the door of the jury room . . . appear to engage in a conversation with a member of the jury . . . and then bring . . . and deliver . . . to one of the jurors" the toys. It repeats, "on information and belief," that the toys were used in experimenting etc. The affidavit further states that the parties had stipulated to permit the return of a sealed verdict; that the event complained of took place "at night" when the trial judge and defendant's attorney were absent from the court room at places unknown to the affiant, with "no opportunity" to bring the events to the judge's attention nor to object; and that the events prevented a fair trial. The affiant further stated that the clerk of court had personal knowledge of the events and "will, subject to the approval of" the court, make an affidavit to corroborate the affidavit made by affiant.

■ ■ The post-trial motion was plaintiff's, and we presume, in favor of the court's action, that the motion was not called up by plaintiff for hearing un-

til nearly ten months later. True, the motion was filed in time, but we think that the alleged misconduct should have been brought to the attention of the trial court immediately, 66 C. J. S. New Trial Sec. 62.

We cannot say that the affidavit by plaintiff's attorney should have convinced the trial judge that the attorney could not have reached the judge at once. There is nothing to indicate that the clerk did not know of the judge's whereabouts. We assume that the clerk or bailiff knew where the judge would be while the jury deliberated, since the record shows that judgment was entered the same night the verdict was returned. Further, since the affidavit was "on information and belief" we cannot say that the trial court should have been convinced that the "experiments" complained of actually took place, Pekin v. Winkel, 77 Ill. 56, 58; Groves & S. R. R. Co. v. Herman, 206 Ill. 34, 39. The attorney could have no direct knowledge of what transpired in the jury room, nor could he introduce affidavits of jurors to show what happened therein for the purpose of impeaching their verdict, Sanitary District of Chicago v. Cullerton, 147 Ill. 385. On the other hand, had plaintiff objected seasonably, even after the verdict was announced, defendant could have produced affidavits from jurors to show what happened in the jury room for the purpose of sustaining the verdict, Schiff v. Oak Park Cleaners & Dyers, Inc., 9 Ill.App.2d 1, 12.

Neither the proffered affidavit nor the offer of the clerk's affidavit would necessarily have required the trial court to conclude that prejudice had been committed ten months previously due to events which the clerk of court observed. We assume plaintiff's attorney complained to the clerk when the events took place so that the clerk knew of the complaint when judgment was entered. Yet the clerk presumably made no mention of the events. We see no abuse of discre-

tion in the court's denial of the motion to file the affidavit.

We conclude that even if the affidavit were filed the court could reasonably have refused the new trial for lack of diligence in bringing the events complained of to the attention of the court on the spot, while the events were fresh and the question of prejudice determinable. We think there is sufficient analogy between this case and Exchange Nat. Bank of Polo v. Darrow, 177 Ill. 362, to warrant citing it as authority for our conclusion that no abuse of discretion has been shown.

Affirmed.

LEWE, P. J. and MURPHY, J., concur.