WILLIAM R. JOHNSON *et al.*, Plaintiffs-Appellants, v. DANVILLE CASH AND CARRY LUMBER COMPANY, Defendant-Appellee.

Fourth District   No. 4—89—0963

Opinion filed July 26, 1990.

Edward H. Rawles, of Reno, O'Byrne & Kepley, P.C., of Champaign, for appellants.

Michael R. Cornyn, of Thomas, Mamer & Haughey, of Champaign, for appellee.

PRESIDING JUSTICE KNECHT delivered the opinion of the court:

This is a personal injury action with verdict and judgment for defendant. We affirm.

Plaintiff William R. Johnson was injured when a bundle of shingles fell off a motorized "hiker" ladder at a construction site on April 6, 1987. He was struck in the back of the head and knocked off the lower roof level of the site onto the ground. Plaintiff sustained permanent neurological damage to his spinal cord rendering him a quadriplegic.

Plaintiff obtained the motorized ladder from his construction material supplier, defendant Danville Cash & Carry Lumber Company. Defendant occasionally allowed select customers to use the ladder for private purposes. For the most part, however, defendant restricted the use of the motorized ladder to its employees for the delivery of construction materials.

Plaintiff and his spouse filed their amended four-count complaint against defendant in the Vermilion County circuit court on August 31, 1988. They sought monetary damages for their respective personal injuries and consortium losses under both negligence and strict liability theories of recovery. On November 9, 1988, in its answer to the amended complaint, defendant raised the statute of repose as an affirmative defense to the action. (Ill. Rev. Stat. 1987, ch. 110, par. 13—213.) Defendant and plaintiffs next filed successive motions for summary judgment in the action. The circuit court denied both motions.

The action proceeded to trial by jury on August 22, 1989. Defendant moved for a mistrial at the close of the case presentation by plain-

tiffs. Plaintiffs opposed the motion. Defendant argued the jury had obviously ignored judicial admonishment to refrain from interim discussion of the action based on a written inquiry from an individual juror as to whether plaintiffs carried health insurance. The circuit court directed *voir dire* of that juror over the objection of plaintiffs. Upon examination, the juror testified she had taken the initiative to submit the inquiry to the court independent of discussion or concerted action with other panel members. The circuit court ultimately denied the mistrial motion, and the trial continued to its conclusion.

The jury concluded its deliberations on September 1, 1989. The jury returned verdicts in favor of defendant on all four counts. Plaintiffs responded with a post-trial motion for either a judgment notwithstanding the verdict or a new trial on September 29, 1989. (Ill. Rev. Stat. 1987, ch. 110, par. 2—1202.) In support of their motion, plaintiffs alleged an unidentified woman with "A-Z Company" had called their residence to conduct a survey on employment insurance benefits. The call came shortly after the court had released the jury from deliberations for an evening recess on August 31, 1989. Comparing the fortuitous timing of the survey call with the prompt conclusion of jury deliberations on the next day, plaintiffs later reasoned a juror must have pursued a surreptitious investigation into their insurance coverage status. Plaintiffs argued such improper juror conduct entitled them to a new trial in the action. The circuit court denied the post-trial motion on November 17, 1989. This appeal followed.

Plaintiffs initially contend the circuit court erred in denying their post-trial motion for a new trial based on juror misconduct. We disagree.

■■ A jury should only consider the facts introduced into evidence at trial in rendering a verdict. (*Heaver v. Ward* (1979), 68 Ill. App. 3d 236, 239, 386 N.E.2d 134, 137.) Such a limitation is necessary to protect the due process rights of litigants. (See *People v. Rivers* (1951), 410 Ill. 410, 102 N.E.2d 303.) Any independent investigation into an action by the jury may constitute error so prejudicial as to require reversal. *People v. Holmes* (1978), 69 Ill. 2d 507, 519, 372 N.E.2d 656, 661.

■■ ■ Plaintiffs had to show competent and credible evidence of an improper external influence on the jury to set aside the verdict. (Fed. R. Evid. 606(b); see also *Miller v. Scandrett* (1945), 326 Ill. App. 631, 638, 63 N.E.2d 252, 255.) In this action, however, plaintiffs merely submitted a personal affidavit which alleged in a conclusory manner a juror must have pursued a surreptitious investigation into their insurance coverage status because her prior public inquiry had

not been answered by the court. This unsubstantiated allegation is too speculative to prove any misconduct on the part of that juror. "Verdicts should not be set aside on mere suspicion that a juror has acted improperly." (*Miller*, 326 Ill. App. at 638, 63 N.E.2d at 255.) Plaintiffs did not acquire statements from any juror. Plaintiffs did not acquire statements from anyone who contended to have discussed the case with a juror. Plaintiffs presented no independent evidence of juror misconduct. On this record, the circuit court did not err in denying the post-trial motion for a new trial.

Plaintiffs next contend the circuit court erred in refusing to order post-trial *voir dire* of the jury in the action. We again disagree.

■ There was no error in the refusal of the circuit court to order the requested post-trial relief. Plaintiffs were accorded a meaningful hearing on their post-trial motion. Plaintiffs failed to take advantage of that opportunity to substantiate their allegation of juror misconduct. Such a failing precludes any further judicial consideration. (See *Birch v. Township of Drummer* (1985), 139 Ill. App. 3d 397, 410, 487 N.E.2d 798, 807.) Moreover, there is a question of the diligence with which plaintiffs acted in bringing their allegation to the attention of the circuit court. (See *Davis v. International Harvester Co.* (1988), 167 Ill. App. 3d 814, 821, 521 N.E.2d 1282, 1286.) Plaintiffs suspected a juror had improperly pursued an independent investigation into their insurance coverage status during the deliberation stage of the trial. A month then elapsed before their suspicion was brought to the court's attention. Such a serious allegation of wrongful conduct by a juror should have been made in a more seasonable manner to best serve the interest of justice. *Considine v. Hill* (1959), 22 Ill. App. 2d 83, 86, 159 N.E.2d 15, 17.

Plaintiffs last contend the jury verdict on the strict liability count was against the manifest weight of the evidence. We disagree.

■ The general rule of strict tort liability is stated in *Suvada v. White Motor Co.* (1965), 32 Ill. 2d 612, 210 N.E.2d 182. Liability in tort may be extended to one engaged in commerce who supplies another with a defective product which causes injury. (*Suvada*, 32 Ill. 2d at 617, 210 N.E.2d at 185; see also Restatement (Second) of Torts §402A (1965).) As such, the rule of strict liability encompasses the commerce chain in its entirety, including manufacturers, distributors, retailers, and lessors. See *Gilliland v. Rothermel* (1980), 83 Ill. App. 3d 116, 118, 403 N.E.2d 759, 761.

■ Plaintiff was injured while using an allegedly defective motorized "hiker" ladder provided by defendant in this action. A dispute exists as to the nature of the underlying commercial transaction.

Plaintiff characterizes his arrangement with defendant as a rental agreement; defendant contrastingly characterizes the same arrangement as a gratuitous loan. Our examination of the commercial transaction indicates defendant provided plaintiff with the ladder as an incident to a sale of construction materials. In effect, defendant allowed private use of the motorized ladder as a benefit to select customers in its integral business operations. Under these circumstances, we conclude the commerce chain nexus is sufficient to support the extension of the strict tort liability rule to this action. See Restatement (Second) of Torts §402A comment *f*, at 350-51 (1965); see also *Bainter v. Lamoine LP Gas Co.* (1974), 24 Ill. App. 3d 913, 321 N.E.2d 744.

■■ Strict liability does not mean absolute liability. (*Coney v. J.L.G. Industries, Inc.* (1983), 97 Ill. 2d 104, 111, 454 N.E.2d 197, 200.) The plaintiff must prove three separate elements to prevail in a strict liability tort action: (1) the injury or damage suffered resulted from a condition of the product; (2) the condition was an unreasonably dangerous one; and (3) the condition existed at the time the product left the control of the manufacturer. (*Suvada*, 32 Ill. 2d at 623, 210 N.E.2d at 188.) Such proof generally rests on circumstantial evidence that the product failed to perform in the expected manner absent abnormal use or reasonable secondary causes. *St. Paul Fire & Marine Insurance Co. v. Michelin Tire Corp.* (1973), 12 Ill. App. 3d 165, 177, 298 N.E.2d 289, 297; *Tweedy v. Wright Ford Sales, Inc.* (1976), 64 Ill. 2d 570, 574, 357 N.E.2d 449, 451.

■■ The reviewing court is not free to substitute its judgment for that of the jury when presented with a challenge to the propriety of a verdict. Instead, the reviewing court must "consider the evidence in the light most favorable to the [litigant] in whose favor the jury returned the verdict." *Elliott v. Sears, Roebuck & Co.* (1988), 173 Ill. App. 3d 383, 391, 527 N.E.2d 574, 579.

■■ Our review of the record convinces us there was ample evidence to support the strict liability verdict favoring defendant at trial. First, the employees of defendant performed maintenance to correct minor wear and tear defects in both the drive chain and the frame of the motorized ladder on an as-needed basis. They did not notice any defects at the time the ladder was turned over to plaintiff. Second, the co-workers of plaintiff noticed nothing out of the ordinary when they set up the motorized ladder at the construction site. More important, they did not actually observe any operating part on the ladder give way at the time of the accident. Third, the employees of defendant did not find any mechanical problems to correct in their routine inspection upon the return of the motorized ladder.

There is nothing in the evidence to show any condition of the product caused the injury to plaintiff. Plaintiff basically contends the tragic event itself coupled with circumstantial evidence proves their case. Yet, the jury could have properly concluded the plaintiffs failed to prove the hiker was defective in one or more of the three ways they claimed and on which the jury was instructed. There was no direct evidence the ladder was bent or collapsed inward at the upper left portion near the top left rail. There was no direct evidence the paddles or lifting platforms and their support straps were bent, deformed or misshaped. There was no direct evidence the drive chains were not properly tensioned or adjusted. The jury verdict on strict tort liability is not against the manifest weight of the evidence.

In light of our disposition of this action, we need not address the remaining contentions raised by the litigants.

The judgment of the Vermilion County circuit court is affirmed.

Affirmed.

SPITZ and STEIGMANN, JJ., concur.