NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

EMILY MARIE KOTARA,
*Petitioner/Appellee,*

*v.*

RICHARD DUEY FRANCO,
*Respondent/Appellant.*

No. 1 CA-CV 14-0380 FC
FILED 7-30-2015

Appeal from the Superior Court in Maricopa County
No. FC2006-005253
The Honorable Suzanne E. Cohen, Judge

**AFFIRMED**

COUNSEL

Emily Marie Kotara, Mesa
*Petitioner/Appellee*

Escolar Law Office, Phoenix
By M. Philip Escolar
*Counsel for Respondent/Appellant*

---

**MEMORANDUM DECISION**

Judge Patricia A. Orozco delivered the decision of the Court, in which Presiding Judge Patricia K. Norris and Judge Andrew W. Gould joined.

---

**O R O Z C O**, Judge:

**¶1** Richard Duey Franco appeals from a judgment modifying child support Franco owes to Emily Marie Kotara. Franco also challenges an award of attorney fees and the denial of his motion for new trial. For the reasons that follow, we affirm.

**FACTS AND PROCEDURAL BACKGROUND**

**¶2** Franco and Kotara divorced in 2007. Franco filed a petition to modify child custody, parenting time, and child support in 2012. An evidentiary hearing took place, at which the family court admitted evidence and heard testimony. The family court subsequently ordered Franco to pay $902 per month in child support and awarded Kotara $10,000 in attorney fees.

**¶3** Following the child support order but before entry of the attorney fees award, Franco filed a notice of appeal and a motion for relief from the support order under Arizona Rule of Family Law Procedure (Rule) 85.C. At a June 2, 2014 hearing before entering judgment for attorney fees, the family court informed Franco that it could not address the Rule 85.C. motion regarding child support because Franco had filed a notice of appeal. After the family court awarded attorney fees, Franco filed a second Rule 85.C. motion requesting relief from the fees award. The family court later noted that "[Franco] handed the Court the [second Rule 85.C. motion] at the [June 2] hearing and the Court inquired as to whether [Franco wished] the Court to consider this motion a 'Motion for reconsideration.' [Franco] answered in the affirmative."

**¶4** Before the family court ruled on the motion, Franco filed a second notice of appeal regarding the attorney fees award. The family court, citing the then-current Arizona Rule of Civil Appellate Procedure 9(b)(2)(B) (2014), converted Franco's second Rule 85.C. motion to a motion for new trial or amended judgment under Rule 83.A.4. and denied the

2

motion.[1]    Franco filed an amended notice of appeal, and we have jurisdiction under Article 6, Section 9, of the Arizona Constitution and Arizona Revised Statutes (A.R.S.) section 12-120.21.A.1. (West 2015).[2]

**DISCUSSION[3]**

I.    Child Support

**¶5**    Franco first argues that "given the evidence presented regarding [Franco and Kotara's] respective incomes," the family court abused its discretion in ordering Franco to pay $902 a month in child support.  We review an order modifying child support for an abuse of discretion.  *Strait v. Strait*, 223 Ariz. 500, 502, ¶ 6 (App. 2010).  Although we abide by the family court's factual determinations unless clearly erroneous, we review de novo legal issues, including interpretations of the Arizona Child Support Guidelines (the Guidelines).  *Id.* (citations omitted).

**¶6**    Franco contends the trial court erred in calculating child support because it relied solely on his income tax returns for 2012 and 2013.  Franco asserts that although the family court understood that his income "may be volatile from year to year" due to his financial sector employment, the family court nevertheless ignored his evidence that showed the first three months of his 2014 income was lower on average than the 2013 average the family court used to calculate child support.  Franco argues that "[c]hild support amounts should be set according to a payor's current income," citing in support this court's decision in *Pearson v. Pearson*, 190 Ariz. 231 (App. 1997).  Accordingly, Franco contends that any support

---

[1]    Although the family court acted in accordance with the relevant rules in effect at that time, we note that ARCAP 9 now includes motions filed under Arizona Rule of Family Law Procedure 85 as among those that the superior court may dispose of, even if a notice of appeal is filed before the court does so.  *See* ARCAP 9(e)(1)(E), (e)(2) (2015).

[2]    Unless noted otherwise, we cite the current version of applicable statutes and rules when no revisions material to this decision have since occurred.

[3]    Kotara did not timely file an answering brief, nor did she request leave to file a late appeal.  Although we may treat this as a confession of error, we instead exercise our discretion to decide this appeal on the merits relying on the opening brief and our review of the appellate record.  *See Patterson v. Patterson*, 226 Ariz. 356, 358 n.2 (App. 2011).

amount "should have been recalculated" in accordance with his 2014 average monthly income.

¶7         Under A.R.S. § 25-327.A., a child support obligation "may be modified or terminated only on a showing of changed circumstances that are substantial and continuing[.]"  In *Pearson*, this court affirmed a child support modification order that increased the amount of support owed. *Pearson*, 190 Ariz. at 232.  The parent whose child support obligation increased argued that the family court erred by imputing rental income to his salary for child support purposes because it was possible the parent would lose that income in the upcoming year, and thus the rental income was not a "continuing" changed circumstance.  *Id.* at 235-36.  The family court rejected that argument and "implicitly decided" that the rental income "was 'continuing' within the meaning of A.R.S. § 25-327 and the Guidelines."  *Id.* at 236.  This court affirmed that decision, specifically noting:

> The requirement that the increase in income must be "continuing" means that the trial court must base an increase in child support only on the payor's current income. It may not increase a child-support award to compensate for the payor's higher income in past years if the payor's current income is substantially lower. *Nevertheless, the court need not restrict its view of the evidence to a few isolated months after the filing of the modification petition in order to determine a party's current income*, particularly when such income is controlled by the party himself and is subject to possible manipulation upon the filing of the modification petition . . . Rather, a court reasonably may consider evidence of income prior to the modification petition to assist in determining the individual's current income and whether it has "substantially" changed since the existing child support award was set.

*Id.* (citations omitted) (emphasis added).

¶8         Here, although there is no evidence that Franco was manipulating his 2014 income, we conclude the family court's determination was not clearly erroneous.  The family court determined Franco owed $902 per month in child support beginning in April 2014, which is the same monthly amount the family court also found was owed Kotara in child support from January 2013 through March 2014.  This resulted in Franco owing Kotara past due support for which the family court ordered additional payments.  Accordingly, the family court

modified child support not only going forward, but also retroactively for the previous year. In doing so, the family court reasonably concluded that Franco's 2013 income was "continuing" within the meaning of A.R.S. § 25-327.A. Moreover, section 5.A. of the Guidelines states that "[s]easonal or fluctuating income shall be annualized." The family court was required to make a child support determination that relied on an annual income figure. The family court's decision to rely on evidence of Franco's full income for 2013, rather than partial income for the few months of 2014, was therefore neither clearly erroneous nor an abuse of discretion.

II.     Attorney Fees

**¶9**          Franco next contends the family court erred by awarding Kotara $10,000 in attorney fees. We review an attorney fee award for an abuse of discretion. *Breitbart-Napp v. Napp*, 216 Ariz. 74, 83, ¶ 35 (App. 2007).

**¶10**          Franco argues the family court based the fees award on an apparent financial disparity between the parties, and "not . . . based on the reasonableness of the parties' positions[.]" Franco asserts that "the evidence clearly demonstrated that there was no actual financial disparity[.]"

**¶11**          As stated in A.R.S. § 25-324.A.:

> The [family] court from time to time, after considering the financial resources of both parties and the reasonableness of the positions each party has taken throughout the proceedings, may order a party to pay a reasonable amount to the other party for the costs and expenses of maintaining or defending any proceeding under this chapter[.]

In awarding Kotara fees, the family court found a "substantial disparity of financial resources between the parties." But the family court also specifically found that Franco had acted unreasonably "during the pendency of the proceedings[,]" that "Father's written communication . . . with [Kotara], [Franco and Kotara's daughter], [Kotara's] attorney and [Daughter's] school personnel [was] unprofessional, rude, and insulting[,]" that "[t]his level of rancor is clear evidence of [Franco's] unreasonableness during the pendency of the proceedings," and that "both parties have been somewhat unreasonable."

**¶12**          Based on the family court's explanation for granting fees, we cannot conclude the fees award was based solely on the apparent financial

disparity of the parties. The relevant statute requires the family court to consider *both* the reasonableness of the parties' positions and financial resources and weigh them accordingly. The family court's finding that both parties had taken unreasonable positions does not necessarily mean the fees award was based solely on the apparent disparity of financial resources. Franco has not provided a transcript of the hearing at which the family court awarded fees, and we therefore presume any record of the hearing supports the family court's ruling. *See Myrick v. Maloney*, 235 Ariz. 491, 495, ¶ 11 (App. 2014). Because the family court obviously considered both factors, we will not attempt to reweigh whether Franco's unreasonable positions during litigation were more or less important in awarding fees than disparity of financial resources.

**¶13** Nevertheless, even if the family court based the fees award solely on apparent financial disparity, Franco only contends that he can show "there is not significant disparity between the parties' [financial] resources." But the family court need not determine whether the disparity is "significant." Rather, this court has previously construed A.R.S. § 25-324 to require "that all a spouse need show is that a relative financial disparity in income and/or assets exists between the spouses." *Magee v. Magee*, 206 Ariz. 589, 589, ¶ 1 (App. 2004). Because a disparity exists, even using Franco's calculations, the family court did not abuse its discretion in awarding Kotara fees.

III.    Motion for New Trial

**¶14** Finally, Franco argues the family court erred by denying his motion for new trial. We review a denial of a motion for a new trial for an abuse of discretion. *Kirby v. Rosell*, 133 Ariz. 42, 46 (App. 1982).

**¶15** Franco relies on evidence discovered after the family court awarded fees to argue the family court erred by denying his motion. The newly discovered evidence concerned a purchase agreement and credit application Kotara executed with a car dealership in which Kotara reported a higher income than she had reported to the family court. Franco contends that given the potential criminal penalties for falsifying information on a loan document, "it is reasonable to assume that the information contained on loan statements is true unless proven otherwise."

**¶16** The family court rejected Franco's argument, noting that although the evidence "certainly impacts Mother's credibility[,]" the family court would have reached the same conclusions regarding child support and fees using the same calculations. The family court found no "evidence

of fraud or misrepresentation **to this Court** for determining child support or attorney's fees."

**¶17**       On this record, we find no error in the family court's analysis. Franco's argument again seeks to show the fees award was unreasonable under the assumption that Kotara must establish "significant" disparity in financial resources. Because this is not the legal standard, *see supra* ¶ 13, the newly discovered evidence goes to Kotara's credibility, which is the family court's responsibility to weigh. *See Hurd v. Hurd*, 223 Ariz. 48, 52, ¶ 16 (App. 2009) (noting that the appellate court's "duty on review" does not include re-weighing conflicting evidence or re-determining preponderance of evidence). And because the family court's determinations are not clearly erroneous, the family court did not abuse its discretion by denying Franco's motion for new trial.

## CONCLUSION

**¶18**       On appeal, Franco requests an award of attorney fees and costs, which we deny. We affirm the family court's child support modification and the award of attorney fees to Kotara.



Ruth A. Willingham · Clerk of the Court
F I L E D : ama