542 P.2d 810

**ADROIT SUPPLY COMPANY, a corporation, and Ajusto Equipment Company, a corporation, Appellants and Cross-Appellees,**

v.

**ELECTRIC MUTUAL LIABILITY INSURANCE COMPANY, a corporation, Appellee and Cross-Appellant.**

**No. 11727.**

Supreme Court of Arizona,
In Division.

Nov. 24, 1975.

HAYS, Justice.

This is an appeal from an order granting plaintiff-appellee's motion for judgment n. o. v. and denying plaintiff-appellee's alternative motion for a new trial. The parties will be hereinafter referred to as plaintiff and defendant as they were designated in the lower court. This court has jurisdiction of the appeal pursuant to Rule 47(e)(5) of the Rules of the Supreme Court.

On August 20, 1965, the plaintiff, Mary Louise Frady, hereinafter referred to as plaintiff Frady, was employed by plaintiff General Electric Company at its plant located at 13430 North Black Canyon Highway. Plaintiff Frady was injured on that date, during the course of her employment, when an Ajustrite chair, manufactured by defendant Ajusto Equipment Company, fell to its lowest adjustment, causing plaintiff Frady to sustain personal injuries. Plaintiff Agnes Jean Cuccia Miller, hereinafter referred to as plaintiff Miller, was also employed by plaintiff General Electric Company and worked at the same plant as plaintiff Frady. On September 11, 1965, while plaintiff Miller was on her lunch break at the plant, an Ajustrite chair on which she was sitting fell to its lowest adjustment, causing her to sustain personal injury. The Ajustrite chairs were delivered to plaintiff General Electric Company by defendant Adroit Supply Company, which acted as distributor for defendant Ajusto Equipment Company in Phoenix.

The plaintiffs Frady and Miller each filed and perfected a claim with the Industrial Commission, naming plaintiff General Electric Company as employer and plaintiff Electric Mutual Liability Insurance Company as carrier. The Industrial Commission thereafter made an award in favor of plaintiffs Frady and Miller. The plaintiffs, General Electric Company and Electric Mutual Liability Insurance Company, brought the current action pursuant to the assignment of claim and causes of action against defendants Ajusto and Adroit by plaintiffs Frady and Miller un-

Shimmel, Hill & Bishop, P.C. by Richard B. Johnson, James W. Hill, Phoenix, for appellants and cross-appellees.

Robbins, Green, O'Grady & Abbuhl, P.A. by Michael J. O'Grady, Phoenix, for appellee and cross-appellant.

der ARS § 23–1023. Plaintiffs General Electric and Electric Mutual contend that the Ajustrite chairs in question were defective in design and construction, and furthermore that the instructions supplied with the chairs were defective.

This appeal raises the following questions:

1. Was the evidence legally sufficient to support the verdict of the jury?

2. Was the trial court in error in denying plaintiff's alternative Rule 50(c) motion for a conditional new trial after granting plaintiff's motion for judgment n. o. v.?

3. Were there errors in the trial sufficient to overturn judgment on the verdict?

## WAS THE EVIDENCE LEGALLY SUFFICIENT TO SUPPORT THE JURY VERDICT?

The jury found that defendants Adroit and Ajusto were not liable to either plaintiff Miller or plaintiff Frady. A motion was subsequently made by plaintiff's attorney for a judgment n. o. v. and said motion was granted without opinion.

 The trial court is authorized to direct a verdict in favor of one party *only* where no evidence has been introduced "which would justify a reasonable man in returning a verdict in favor of" the other party. *Durham v. Firestone Tire & Rubber Co. of California*, 47 Ariz. 280, 55 P.2d 648 (1936). Furthermore, the evidence must be viewed in a light most favorable to the party's case against whom the motion is made, and the truth of all evidence introduced by that party, as well as all reasonable inferences to be drawn therefrom, is to be taken as admitted. *City of Phoenix v. Brown*, 88 Ariz. 60, 352 P.2d 754 (1960).

 The testimony of plaintiffs Frady and Miller established the fact that both were injured while sitting on Ajustrite chairs. However, there is substantial conflicting testimony regarding the cause of their injuries. Plaintiff's witness Art Newman testified that the chair could drop down unexpectedly after a person adjusted it to maximum height while seated. Mr. Newman indicated that he had examined what he believed to be the chairs on which the plaintiffs Frady and Miller were sitting at the time of their accidents to determine whether or not they were damaged. He concluded that the chairs were not damaged. However, he was of the opinion that the instructions provided with the chair were dangerous since they recommended adjustments while the operator was seated.

Defendant's witness, Rex Dawson, testified that slippage may occur in the locking mechanism through the introduction of lubricants. Instructions provided with the chair specify that oil or grease should not be placed in the locking mechanism. Dawson stated that any lubrication would constitute a substantial change of the mechanism. He also stated that the operating instructions required the operator to follow the complete three-step procedure of lifting the seat to release the locking mechanism, pushing it down to re-engage the mechanism, and finally lifting the seat to the desired height before using the chair. The record indicates that neither plaintiff followed the three-step procedure. During further questioning, Mr. Dawson admitted that the requirement that the operator use the three-step procedure before use of the chair was implied in the instructions.

Plaintiff's witness, Paul Young, testified that the design of the locking mechanism was unsafe. He felt that the mechanism could be easily damaged by chemical contamination due to poor design. Mr. Young also concluded that the operating instructions should be modified to require the operator to stand up to adjust the chair.

Defendant's witness, Robert Tyner, indicated that the locking mechanism was a well-known design involving few moving parts. In his opinion, fewer parts meant greater safety. He further testified that the design protected the mechanism from

contaminants. Mr. Tyner concluded that the adjustment instructions were safe.

We hold that the evidence presented at trial was of such character that reasonable minds could differ as to the inferences to be drawn from the facts. *Glowacki v. A. J. Bayless Markets*, 76 Ariz. 295, 263 P.2d 799 (1953). There was testimony in evidence which justified the jury's verdict for defendants. It was therefore error for the trial judge to grant plaintiff's motion for judgment n. o. v.

## WAS THE TRIAL COURT IN ERROR IN DENYING PLAINTIFF'S ALTERNATIVE RULE 50(c) MOTION FOR A NEW TRIAL AFTER GRANTING PLAINTIFF'S MOTION FOR JUDGMENT N. O. V.?

Rule 50(c) of the Rules of Civil Procedure requires that the court shall rule on the motion for a new trial after a motion for judgment n. o. v. is granted. The grant or denial of the motion for a new trial is within the sound discretion of the trial court and we will not upset its ruling absent a clear showing of abuse of discretion. *Smith v. Moroney*, 79 Ariz. 35, 282 P.2d 470 (1955).

Plaintiff first argues that the trial court may not consistently deny its motion for a new trial and at the same time grant plaintiff's motion for judgment n. o. v. In *Zugsmith v. Mullins*, 81 Ariz. 185, 303 P.2d 261 (1956), this court adopted guidelines regarding choices available to the trial judge in passing on a motion for judgment n. o. v., and a motion for new trial in the alternative. According to the guidelines, the trial court may grant the motion for judgment n. o. v. and deny the motion for new trial. This alternative has been incorporated into Rule 50(c) of the Rules of Civil Procedure.

Plaintiff indicates that the trial court failed to specify the grounds for denial of a new trial, as required by Rule 50(c). The failure of an order denying a new trial to specify the grounds for its denial, absent a showing of unfair surprise

or prejudice, does not require this court to overrule the decision of the trial court. This court may review the entire record to determine whether the trial court abused its discretion in denying a new trial. *Pima County v. Bilby*, 87 Ariz. 366, 351 P.2d 647 (1960).

## WERE THERE ERRORS OF LAW IN THE TRIAL SUFFICIENT TO OVERTHROW JUDGMENT ON THE VERDICT?

The plaintiff argues that the trial court erred in its failure to grant plaintiff's motion for a new trial since there were several errors of law made during the course of the trial.

" 'On appeal the appellate court may reverse the judgment n. o. v. and the verdict will stand unless the appellee brings up for review errors of law in the trial sufficient to overthrow the judgment on the verdict.' " *Zugsmith v. Mullins, supra.*

"A new trial should be granted only when the trial court believes that there has been some error in the conduct of the original trial which, in all probability, has affected the verdict. If, therefore, it appears clearly from the record that there was no error in any of the matters presented by the motion for new trial, it would be an abuse of discretion for the court to grant it, and the court, in considering the motion, can consider only the grounds set forth therein, and we must presume that it acted upon one of such grounds." *Southern Arizona Freight Lines v. Jackson*, 48 Ariz. 509, 63 P.2d 193 (1936).

Plaintiff, in its motion for a new trial, submits that the trial court erred in rejecting the offered testimony of Naomi May. The trial judge ruled that the testimony of Naomi May was inadmissible for several reasons. The trial court indicated that a substantial amount of time had been spent in developing the case. Present counsel for defendant were formally substituted as attorneys of record on January

25, 1968. A certificate of readiness was filed by the attorneys for plaintiff on June 21, 1968. Subsequently, two pretrial conferences were held, and it was not until the Friday before trial that attorneys for the plaintiff informed the attorneys for defendant that May would be called to testify. The trial court found that "there is no longer left another opportunity for the other party to go out and attempt to find out who was in that shift that day who might or might [sic] possibly contradict what that witness says."

In such matters the trial court has broad discretion to permit or deny such testimony. *Carver v. Salt River Valley Water Users' Ass'n*, 104 Ariz. 513, 456 P.2d 371 (1969). We find no abuse of discretion in the trial court's ruling.

■ Plaintiff next argues that the court erred in its ruling that the plaintiff's exhibit No. 4 be excluded from evidence. Plaintiff indicates that the exhibit was offered not to prove the truth of the contents, but to demonstrate the conditions under which Ajustrite chairs were used by plaintiff General Electric Company subsequent to the two accidents in question. Exhibit 4 consisted of a letter prepared by plaintiff's witness Newman after the accident in question, containing instructions on adjusting Ajustrite chairs. The trial court ruled that the exhibit contained extraneous and irrelevant matter. We find no abuse of discretion in that ruling.

Plaintiff next argues that the trial court erred in its failure to give plaintiff's requested instructions Nos. 9 and 12, and in giving defendant's requested instruction No. 11. Plaintiff's requested instruction No. 9 stated in substance that a manufacturer, assembler, seller or distributor of adjustable chairs who has anticipated or should anticipate injury from their use, is required to give an adequate warning of the danger and should be liable for injury resulting from the failure to warn. Plaintiff's requested instruction No. 12 stated that a manufacturer has a duty to warn the user of reasonably foreseeable danger-

ous characteristics of the product and to give adequate instruction as to its safe and proper use. The warning must be adequate and specific enough to advise the user of the gravity of the danger when violating the instruction. Directions for use which do not warn of foreseeable dangers of use do not necessarily satisfy the duty to warn.

■ Defendants' requested instruction No. 11 stated that a manufacturer is not under a duty to make or design a foolproof product, nor is a manufacturer an insurer of the safety of the user. A manufacturer is under no duty to guard against injury from a patent peril or from an obviously dangerous source. We hold that defendant's requested instruction No. 11, as accepted by the court, is an accurate statement of the law.

■ This court is constrained to consider the charge to the jury as a whole in reviewing the correctness of the instruction. *City of Phoenix v. Harlan*, 75 Ariz. 290, 255 P.2d 609 (1953). We have reviewed the record and hold that the instructions given by the trial court were an accurate statement of the law. *See Tucson Industries, Inc. v. Schwartz*, 108 Ariz. 464, 501 P.2d 936 (1972). The trial court, in its instructions, covered those portions of plaintiff's requested instructions that accurately stated the law.

■ Finally, plaintiff argues that the verdict is contrary to law and not justified by the evidence. Plaintiff makes this assertion as the basis for a new trial. In reviewing the trial court's grant or denial of a motion for judgment n. o. v., this court will review the evidence to determine whether or not it was of such character that reasonable minds could differ as to the inferences to be drawn from the facts. In contrast, when this court reviews the grant or denial of a motion for a new trial, it does not weigh the evidence. That is the function of the trial court. It is the duty of this court to determine whether or not there has been an abuse of discretion.

See *Brownell v. Freedman,* 39 Ariz. 385, 6 P.2d 1115 (1932). We find from our review of the record that there was no abuse of discretion by the trial court.

The order of the trial court granting plaintiff's motion for judgment n. o. v. is hereby vacated, and the jury verdict is hereby reinstated and the case remanded for proceedings consistent with the foregoing.

CAMERON, C. J., and STRUCK-MEYER, V. C. J., concur.