648 P.2d 1048

**Robert KIRBY, Plaintiff-Appellant,**

v.

**Joe X. ROSELL and Sharon Rosell, Defendants-Appellees.**

No. 1 CA–CIV 5329.

Court of Appeals of Arizona, Division 1, Department A.

May 11, 1982.

Rehearing Denied June 17, 1982.

Review Denied July 13, 1982.

Machmer, Schlosser & Meitz, Ltd. by Gerald A. Machmer, Robert E. Siesco, Jr., Phoenix, for plaintiff-appellant.

Treon, Warnicke & Roush, P.A. by Douglas G. Martin, Gerrie Apker Kurtz, Phoenix, for defendants-appellees.

## OPINION

OGG, Presiding Judge.

The issue raised in this appeal is whether the trial court abused its discretion by granting a motion for new trial on the basis of a juror's affidavit that the jury considered notes from a business law textbook which were not part of the evidence.

Appellant Robert Kirby brought a complaint against appellees Joe X. and Sharon Rosell alleging fraud in connection with business transactions between the parties. The Rosells denied the allegations and counterclaimed for breach of contract. Following a jury trial, a verdict was returned awarding Kirby $18,000 in damages. The Rosells moved for a new trial on five grounds including an allegation of jury misconduct.

The Rosells presented the trial court with a juror's affidavit which states that the juror had consulted a business law textbook and had read to the jury certain notes including definitions of legal terms which he had taken from the textbook. The trial court granted the Rosells' motion for new trial on the basis of this affidavit. We affirm.[1]

The trial court has authority pursuant to 16 A.R.S., Rules of Civil Procedure, Rule 59(a)(2) to grant a new trial on the basis of jury misconduct. While conceding that the trial court has such discretion, appellant argues that it was an abuse of discretion for the trial court to consider the affidavit of a juror to impeach the verdict.

Arizona has long followed the generally recognized rule that testimony or affidavits of jurors will not be admitted to impeach a verdict. *See, e.g., Wasko v. Frankel,* 116 Ariz. 288, 569 P.2d 230 (1977); *Moorer v. Clayton Manufacturing Corporation,* 128 Ariz. 565, 627 P.2d 716 (App.1981). Our supreme court has stated that such evidence will not be received to impeach a verdict "where the facts sought to be shown are such as inhere in the verdict . . . ." *State v. Pearson,* 98 Ariz. 133, 136, 402 P.2d 557, 559 (1965). Numerous exceptions to the general rule have evolved. *See generally* 3 *Weinstein's Evidence,* ¶¶ 606[03]–606[08] (1981). Affidavits of jurors have been considered in Arizona to show an error or mistake in the judgment entered as not conforming to the findings of the jury, *Southern Pacific Railroad Co. v. Mitchell,* 80 Ariz. 50, 292 P.2d 827 (1956), improper acts or communication by third parties with a juror, *State v. Pearson, supra,* and failure by the juror submitting the affidavit to disclose upon inquiry on voir dire his bias and prejudice, *Board of Trustees Eloy Elementary School District v. McEwen,* 6 Ariz. App. 148, 430 P.2d 727 (1967). These exceptions to the general rule extended to matters which were not "inherent in the verdict". *See Valley National Bank of Arizona v. Haney,* 27 Ariz.App. 692, 558 P.2d 720 (1976); *see generally Impeachment of Jury Verdicts in Arizona,* 21 Ariz.L.Rev. 821 (1979).

In 1973, the Arizona Supreme Court adopted Rule of Criminal Procedure 24.1(d), which represented a new policy in Arizona, permitting the receipt of juror testimony or affidavits in limited circumstances for the purpose of impeaching the jury's verdict.[2]

---

1. Appellees have raised as cross issues on this appeal the other grounds upon which they based their motion for new trial. However, because we find it dispositive of this appeal, we address only jury misconduct, the ground upon which the trial court granted appellees' motion.

2. Rule 24.1(d), Rules of Criminal Procedure, 17 A.R.S., reads:

See State v. Callahan, 119 Ariz. 217, 580 P.2d 355 (App.1978); State v. Landrum, 25 Ariz.App. 446, 544 P.2d 270 (1976).

Following Arizona's adoption of a modified version of the Federal Rules of Evidence in 1977, the competency of a juror to testify about jury misconduct in civil cases has been governed by Rule 606(b), Rules of Evidence, 17A A.R.S. The Arizona rule was adopted almost verbatim from the Federal rule except that Arizona restricted its application to civil trials.[3] Arizona's Evidence Rule 606(b) provides:

> Inquiry into validity of verdict in civil action. Upon an inquiry into the validity of a verdict in a civil action, a juror may not testify as to any matter or statement occurring during the course of the jury's deliberations or to the effect of anything upon his or any other juror's mind or emotions as influencing him to assent to or dissent from the verdict, or concerning his mental processes in connection therewith, *except that a juror may testify on the question whether extraneous prejudicial information was improperly brought to the jury's attention* or whether any outside influence was improperly brought to bear upon any juror. Nor may his affidavit or evidence of any statement by him, concerning a matter about which he would be precluded from testifying, be received for these purposes. (emphasis added)

The emphasized portion of Rule 606(b) is the exception which is the basis of this appeal. Arizona courts have not had occasion to apply Rule 606(b) to a fact situation akin to the instant case. However, since the Arizona rule is almost identical to the federal rule, we find federal case law and case law from other jurisdictions which have likewise adopted the federal rule to be instructive.

It is undisputed that the affidavit in question asserts that extraneous information was brought into the jury room. However, Rule 606(b) refers to the introduction of *"prejudicial* extraneous information". Once the court finds that matters not of record were improperly brought to the jury's attention, it must then determine whether a party was prejudiced thereby, thus requiring a new trial. See, e.g., United States ex rel. Owen v. McMann, 435 F.2d 813, 818 (2d Cir. 1970), cert. denied 402 U.S. 906, 91 S.Ct. 1373, 28 L.Ed.2d 646 (1971); United States v. McKinney, 429 F.2d 1019, 1023 (5th Cir. 1970), cert. denied 401 U.S. 922, 91 S.Ct. 910, 27 L.Ed.2d 825 (1971); United States v. Pinto, 486 F.Supp. 578 (E.D.Pa.1980); Smith v. Brewer, 444 F.Supp. 482 (S.D. Iowa 1978), aff'd 577 F.2d 466 (1978), cert. denied 439 U.S. 967, 99 S.Ct. 457, 58 L.Ed.2d 426 (1978). See also Mattox v. United States, 146 U.S. 140, 13 S.Ct. 50, 36 L.Ed. 917 (1892).

It is appellant's position that the trial court abused its discretion in granting a new trial because the record is devoid of any showing that the effect of reading the notes to the jury was prejudicial to appellees. It is appellees' position that there is a presumption of prejudice where extraneous information is presented. We are of the opinion that neither of these positions accurately reflects the proper interpretation of Rule 606(b).

Federal courts have held on numerous occasions that a finding that extraneous material has reached the jury does not by itself require the granting of a new trial. The circuit courts have phrased the test for determining prejudice in a variety of ways. See, e.g., United States v. Vasquez, 597 F.2d 192 (9th Cir. 1979); United States v. Marx, 485 F.2d 1179 (10th Cir. 1973), cert. denied

*Admissibility of Juror Evidence to Impeach the Verdict.*
Whenever the validity of a verdict is challenged under Rule 24.1(c)(3), the court may receive the testimony or affidavit of any witness, including members of the jury, which relates to the conduct of a juror, official of the court, or third person. No testimony or affidavit shall be received which inquires into the subjective mo- tives or mental processes which led a juror to assent or dissent from the verdict.

**3.** The only change in Arizona's Evidence Rule 606(b) was the substitution of the words "in a civil action" for "or indictment", thus making Arizona's provision inapplicable to criminal actions.

416 U.S. 986, 94 S.Ct. 2391, 40 L.Ed.2d 764 (1974); *Osborne v. United States*, 351 F.2d 111 (8th Cir. 1965).

The Arizona Supreme Court recently faced this issue when prejudicial extraneous information was considered by a jury in a criminal homicide case. *State v. Poland*, 132 Ariz. 269, 645 P.2d 784 (1982). In *Poland*, the court said:

> Not all extraneous information is so prejudicial as to require reversal. The standard enunciated by the Ninth Circuit is that the defendant is entitled to a new trial if it cannot be concluded beyond a reasonable doubt that the extrinsic evidence did not contribute to the verdict (citations omitted). We adopt the reasonable possibility standard applied by the Ninth Circuit as an appropriate balancing test and in harmony with the standards applied in other circuits.[4]

■ While the *Poland* case and the federal criminal cases relied upon are concerned primarily with the due process rights of criminal defendants, it is our opinion that these cases do reflect the intent of Rule 606(b) and that only *prejudicial* extraneous matter will suffice to impeach a verdict and that proof of *actual* prejudice is not required. *See also, Smith v. Brewer, supra; United States v. Pinto, supra.* In a factual situation analogous to the instant case, the Illinois Court of Appeals discussed the showing that is required to demonstrate "prejudice" from the introduction of extraneous material in a civil case.[5]

■ In *Heaver v. Ward*, 68 Ill.App.3d 236, 24 Ill.Dec. 930, 386 N.E.2d 134 (1979), the court discussed the affidavits of two jurors that a fellow juror had diagrammed an intersection which was at issue in the case and had brought that diagram and a copy of "Rules of the Road", an official booklet designed to instruct applicants for drivers' licenses, into the jury room. After stating that not every instance of bringing unauthorized information to the jury would result in an error so prejudicial as to require reversal, the court stated:

> Defendant also contends that the examined passages in Rules of the Road were in fact consistent with both the trial court's instructions and Illinois state law.
>
> \*    \*    \*    \*    \*    \*
>
> Neither the trial court nor this court need attempt to delve into the exact effect of unauthorized evidence on a particular juror. . . . It is enough that the unauthorized evidence directly relates to issues in the case and may have improperly influenced the verdict.

68 Ill.App.3d at 241, 24 Ill.Dec. at 935, 386 N.E.2d at 139. *See also, Brown v. Johnson*, 92 Ill.App.3d 1095, 48 Ill.Dec. 526, 416 N.E.2d 799 (1981). Other jurisdictions have also rejected a requirement of proof of actual prejudice to obtain a new trial in a civil case where extraneous materials relating to the issues of the case have been brought before the jury. *See Stiles v. Lawrie*, 211 F.2d 188 (6th Cir. 1954); *Nichols v. Seaboard Coastline Railway Co.*, 341 So.2d 671 (Ala.1976); *Simmons v. State*, 222 A.2d 366 (Me.1966); *Bellows Falls Village Corporation v. State Highway Board*, 123 Vt. 408, 190 A.2d 695 (1963); *Noll v. Lee*, 221 Cal. App.2d 81, 34 Cal.Rptr. 223 (1963); *Palestroni v. Jacobs*, 10 N.J.Super. 266, 77 A.2d 183 (Super.Ct.1950). We find these cases persuasive and hold that extraneous material considered by the jury may be deemed prejudicial without proof of actual prejudice if it relates to the issues of the case and there is a reasonable possibility of prejudice.

---

**4.** In *Poland*, The Arizona Supreme Court was concerned with the application of Rule 24.-1(c)(3)(i) and Rule 24.1(d), Arizona Rules of Criminal Procedure, 17 A.R.S. These rules are concerned with extraneous evidence in the jury room and the admissibility of testimony to impeach a jury verdict.

**5.** We note that Illinois has not adopted Rule 606(b) of the Federal Rules of Evidence. However, the rationale of the federal rule is encompassed in Illinois case law, *i.e.*, that while juror testimony concerning subjective mental processes of the jurors is impermissible, testimony about improper external influences is admissible. *See People v. Holmes*, 69 Ill.2d 507, 14 Ill.Dec. 460, 372 N.E.2d 656 (1978); Advisory Committee's Note to Rule 606(b), Federal Rules of Evidence.

46

In the instant case, the notes read to the jury define legal terms relating to appellant's allegation of fraud and appellees' counterclaim for breach of contract. Additionally, one portion of the notes dealt with the requirements for proving "justifiable reliance" as an element of fraud and contained matters not included in the court's instructions to the jury. Under these circumstances, it was not an abuse of discretion for the trial court to conclude that there was a reasonable possibility of prejudice warranting a new trial. The grant or denial of a motion for new trial is within the sound discretion of the trial court, and a reviewing court will not upset the trial court's ruling absent a clear showing of abuse of discretion. *Adroit Supply Company v. Electric Mutual Liability Insurance Company*, 112 Ariz. 385, 542 P.2d 810 (1975).

Appellant also argues that because the affidavit in this matter contains more than a statement describing the introduction of extraneous material, it could not be considered by the trial court. In addition to a description of the notes, the affidavit includes statements of the juror's intent in bringing this information to the jury and his comments to his fellow jurors regarding the notes.

The Nevada Supreme Court has had occasion to consider this issue in a criminal case where a juror's affidavit contained both admissible statements and inadmissible statements under Nevada's evidentiary rule concerning the competency of a juror's testimony of jury misconduct.[6] In *Barker v. State*, 95 Nev. 309, 594 P.2d 719 (1979), the Nevada Supreme Court held that the trial court could rely upon those portions of the affidavit which dealt with objective facts concerning information presented to the jury without considering those portions relative to the state of mind of the jurors. Likewise, we find that the trial court could

properly consider only that portion of the affidavit stating that extraneous material was brought before the jury and describing the contents of that material. Further, it is presumed that the trial court considered only competent evidence in arriving at its decision. *Taylor v. Mueller*, 24 Ariz.App. 403, 539 P.2d 517 (1975); *Norvelle v. Lucas*, 3 Ariz.App. 464, 415 P.2d 478 (1966).

Appellant's final argument is that Rule 606(b) does not allow proof of jury misconduct by affidavit. Appellant further argues that a hearing should have been conducted to take the testimony of all the jurors to determine if the verdict was in fact compromised by this extraneous material. It has not been contended that the juror did not bring extraneous material into the jury room, nor has there been any assertion that the juror's affidavit was false in any respect. In our review of the record, we find that no request was made for such a hearing. It further appears that this argument was not presented to the trial court until it was raised in appellant's motion for reconsideration of the trial court's order granting the new trial. When considered in this posture, we find the trial court did not err in considering the juror's testimony as set forth in the affidavit without *sua sponte* ordering a further hearing.

Appellant relies on a line of Arizona cases holding that it is improper to use an affidavit to impeach a juror's verdict. *Wasko v. Frankel*, 116 Ariz. 288, 569 P.2d 230 (1977); *Ott v. Samaritan Health Service*, 127 Ariz. 485, 622 P.2d 44 (1980). It should be noted that these cases and the remainder of the Arizona cases cited for this proposition involve juror's affidavits that attempt to impeach matters inherent in the verdict which relate to the juror's thought processes in arriving at a verdict. It is clear from the wording of Rule 606(b) that such testimony or affidavit by a juror

**6.** The governing statute in Nevada is N.R.S. 50.065, Subd. 2, which provides:

Upon an inquiry into the validity of a verdict or indictment:

(a) A juror shall not testify concerning the effect of anything upon his or any other jur-

or's mind or emotions as influencing him to assent to or dissent from the verdict or indictment or concerning his mental processes in connection therewith.

cannot be considered to impeach a jury verdict. However, Rule 606(b) has a specific exception allowing a juror to testify and impeach a verdict "on the question whether extraneous prejudicial information was improperly brought to the jury's attention...." It is our opinion that the facts of this case fall squarely within the exception as set forth by Rule 606(b) and that the trial court properly considered the juror's affidavit.

Affidavits by jurors have been accepted as competent evidence of jury misconduct prior to the adoption of Rule 606(b). *See, e.g., State v. Pearson,* 98 Ariz. 133, 402 P.2d 557 (1965). We find nothing in the language of Rule 606(b) to change the law in this area. *See State v. Poland, supra.*

Having determined that, pursuant to Rule 606(b), the trial court could properly consider the juror's affidavit to determine whether extraneous prejudicial material was brought before the jury, and that it was not an abuse of discretion for the trial court to have granted a motion for a new trial on the basis of that affidavit, we affirm the order of the trial court granting a new trial.

CORCORAN and FROEB, JJ., concur.