826 P.2d 1171

Richard H. BROOKS, Trustee in Bankruptcy for John R. Huston, Sr., M.D., and Beverly Huston, husband and wife, Plaintiffs–Appellants,

v.

F. Darwin ZAHN, M.D.; Central Surgeons, Ltd., an Arizona corporation; Charles M. Rucker, M.D.; Arizona Heart & Lung Surgeons, Ltd., an Arizona corporation, Defendants–Appellees.

No. 1 CA–CV 89–292.

Court of Appeals of Arizona, Division 1, Department D.

Aug. 20, 1991.

Reconsideration Denied Sept. 25, 1991.

Review Denied April 7, 1992.

Harris & Palumbo, P.C. by Kevin W. Keenan and Anthony J. Palumbo, Phoenix, for plaintiffs-appellants.

Teilborg, Sanders & Parks, P.C. by Richard A. Kent and Scott H. Houston, Phoenix, for defendants-appellees.

## OPINION

McGREGOR, Judge.

The primary issue on appeal is whether the trial court abused its discretion by denying appellants' motion for new trial, which alleged that a juror concealed her bias and prejudice on voir dire and introduced extraneous prejudicial information into jury deliberations. We find no abuse of discretion and affirm the judgment.

### I.

■ On December 9, 1986, John Huston, M.D., and Beverly Huston (Hustons) brought a medical malpractice claim against F. Darwin Zahn, M.D., Charles M. Rucker, M.D., and various medical associations (the doctors), alleging that the doctors negligently provided Dr. Huston with surgical, antibiotic and follow-up care stemming from their treatment of his gastrointestinal bleed and infection following surgery. During the jury selection process, the trial judge conducted most of the questioning.[1] The trial court inquired whether

1. Hustons criticize the conduct of voir dire because the trial court asked most of the questions and discouraged the parties' attorneys from questioning prospective jurors. The record indicates, however, that Hustons' attorney did not object to the trial court's conduct of voir dire and did not raise any issue of improper voir dire in the motion for a new trial. Additionally, the record indicates that at the pretrial conference the parties agreed that either side could submit to the trial court proposed questions for the court to ask the jury. Moreover, the trial court permitted Hustons' counsel to ask follow-up questions. For these reasons we conclude that Hustons waived any issue with respect to the trial court's method of conducting voir dire.

any prospective juror was engaged in the practice of medicine, employed by a health care provider or a medical practice affiliation, or had any significant medical or health care education. A prospective juror, Marilyn Grabowicz (Grabowicz), responded that she was a retired registered nurse.

After Grabowicz answered the court's questions about her training and nursing experience, the following exchange occurred:

THE COURT: Now, this is a case in which there may be some claims with regard to some surgery on a gastrointestinal bleed and some problems with some infections that occurred to it over a period of time. In your 30 years of experience, would you have any special knowledge or education or experience with regard to something like that that might affect your ability to come in here, listen to the testimony, make up your mind based on the testimony and exhibits which come in before us?

MS. GRABOWICZ: I don't really think so.

During his follow-up questions to the jury, Hustons' attorney did not inquire further into Grabowicz's professional or personal experiences. The parties selected Grabowicz as a jury member.

After the jury returned a defense verdict, Hustons moved for a new trial on several grounds, including jury misconduct. Hustons supported their motion with juror Rosemary Amerson's (Amerson) affidavit. In the affidavit Amerson alleged that Grabowicz and other jurors emphasized Grabowicz's experience as a nurse; that Grabowicz stated her opinions regarding the administration of antibiotics to Dr. Huston, the appropriateness of the surgeries performed on Dr. Huston, the delays in referring Dr. Huston to others for additional surgery, and the length of time necessary for Dr. Huston's chest wall to heal; and that Grabowicz told other jurors that her husband had experienced a chest wall infection similar to Dr. Huston's infection.

*See Helena Chemical Co. v. Coury Bros. Ranches, Inc.*, 126 Ariz. 448, 451, 616 P.2d 908, 911 (App. 1980) (a party may not base a new trial motion

The trial court conducted an evidentiary hearing to determine if Grabowicz introduced extraneous prejudicial information into the jury deliberations. During the hearing the trial court questioned Grabowicz and the other jurors regarding those statements that Grabowicz made concerning her husband's infection. The trial court did not question the jurors regarding those statements Grabowicz made based upon her medical knowledge.

Grabowicz acknowledged that during deliberations she said that her husband had suffered from osteomyelitis, which affected his leg, and that the infection drained for two to three years. Other jurors testified, with varying degrees of recollection, concerning the time at which and the context in which Grabowicz made her comments and their effect on the jurors' decision.

The trial court found that Grabowicz did not fail to answer truthfully any question asked on voir dire. The court also stated, "[T]here is absolutely nothing wrong with the jury, during deliberation, turning to Mrs. Grabowicz, because of her medical experience, and asking specifically her opinion because of her background and experience, as long as she did not significantly go into factual experiences and put before the jury factual information which didn't come out in court. Every juror has a right to express an opinion based upon their own experience." The trial court further found that, in any event, Grabowicz made her comments after sufficient votes existed for a defense verdict. Accordingly, the court concluded that no prejudice resulted from the challenged comments. Based on these findings, the trial court denied Hustons' motion.

Hustons timely filed a notice of appeal. We have jurisdiction pursuant to A.R.S. § 12–2101.F.

**II.**

Hustons first argue that the trial court abused its discretion in denying their mo-

on an alleged error that occurred at trial if that party failed to object to the error).

tion for a new trial because Grabowicz falsely answered questions on voir dire.

 Rule 59(a)(2), Arizona Rules of Civil Procedure, permits an aggrieved party to move for a new trial on the ground of juror misconduct. To obtain a new trial based on a juror's failure to answer honestly a question on voir dire, a party must show that misconduct occurred and that this misconduct resulted in probable prejudice. *Catchings v. City of Glendale,* 154 Ariz. 420, 422, 743 P.2d 400, 402 (App. 1987). The trial court is in the best position "to determine what effect, if any, alleged misconduct might have had upon other jurors" and whether a new trial should be granted. *Cota v. Harley Davidson, a Division of AMF, Inc.,* 141 Ariz. 7, 10, 684 P.2d 888, 891 (App.1984). Accordingly, we will not set aside the trial court's denial of a motion for a new trial based on alleged juror misconduct absent a clear abuse of discretion. *Adroit Supply Co. v. Electric Mutual Liability Insurance Co.,* 112 Ariz. 385, 389, 542 P.2d 810, 814 (1975).

 Hustons fail to point to any specific question that Grabowicz answered in an untruthful manner. They imply, however, that she falsely replied, "I don't really think so" to the trial court's inquiry as to whether her prior nursing experience would preclude her from rendering a verdict based on testimony and exhibits. The trial court, however, found that Grabowicz did not fail to reveal any information directly solicited from her by the court or the attorneys. The trial judge reviewed the record to determine whether any question should have prompted Grabowicz to report her husband's illness and stated:

> [I]f in fact there was a problem as a result here, it was probably perhaps my fault or perhaps your [counsel's] fault because we never clearly asked any of the jurors if they or some member of their family or anyone like that had ever had anything of a similar nature, so that Ms. Grabowicz could have said yes, my husband had something like that.

We will not set aside a trial court's finding of fact unless it is clearly erroneous. *Schade v. Diethrich,* 158 Ariz. 1, 7, 760 P.2d 1050, 1056 (1988). In this instance, the record provides substantial support for the trial court's finding that Grabowicz did not mislead the court or counsel on voir dire.

Hustons further contend that Grabowicz's professional and personal experiences biased and prejudiced her in favor of the doctors and that she failed to acknowledge this prejudice on voir dire. To support their contention, Hustons rely on Amerson's affidavit and jurors' testimony at the evidentiary hearing.

The Amerson affidavit alleges that Grabowicz made statements that favored the doctors about the appropriateness of the antibiotic care, the amount of surgery performed, and the effect of Dr. Huston's smoking and use of alcohol on his recovery. The jury foreman testified that Grabowicz commented that maybe she "should never have been on this jury ...," apparently in reference to her experience with her husband's leg infection. Other jurors said that Grabowicz related that her husband had a bone infection that took a long time to heal. Some jurors could not recall that Grabowicz made any comment about her husband.

 Arizona follows the long established rule that testimony from or affidavits of jurors will not be admitted to impeach a verdict unless they involve matters that are not inherent in the verdict. *Kirby v. Rosell,* 133 Ariz. 42, 43, 648 P.2d 1048, 1049 (App.1982). In general, testimony from a juror about any matter discussed in the sanctity of the jury room during deliberations is inadmissible to impeach a verdict. *Valley National Bank of Arizona v. Haney,* 27 Ariz.App. 692, 694, 558 P.2d 720, 722 (1976). Rule 606(b), Arizona Rules of Evidence, sets out the rule against probing the minds of jurors after they have deliberated to reach a verdict as follows:

> (b) **Inquiry into validity of verdict in civil action.** Upon an inquiry into the validity of a verdict in a civil action, a juror may not testify as to any matter or statement occurring during the course of the jury's deliberations or to the effect of anything upon that or any other juror's mind or emotions as influencing the juror

to assent to or dissent from the verdict, or concerning the juror's mental processes in connection therewith, except that a juror may testify on the question whether extraneous prejudicial information was improperly brought to the jury's attention or whether any outside influence was improperly brought to bear on any juror. Nor may a juror's affidavit or evidence or any statement by the juror, concerning a matter about which the juror would be precluded from testifying, be received for these purposes.

■ Rule 606(b) does not prohibit all testimony related to jury verdicts; some narrow exceptions apply to the general rule prohibiting testimony to impeach a verdict. A juror's testimony is admissible to show an error in the judgment as not conforming to the jury's findings, improper acts by third parties, or failure by the juror submitting the affidavit to disclose his bias and prejudice upon inquiry on voir dire. *Kirby*, 133 Ariz. at 43, 648 P.2d at 1049.

■ Juror affidavits based on knowledge gained during jury deliberations are not admissible, however, to show another juror's failure to disclose bias and prejudice on voir dire. *See Wilson v. Wiggins*, 54 Ariz. 240, 94 P.2d 870 (1939). Here, all the information related by the other jurors about Grabowicz's alleged bias came to their attention during jury deliberations. Their testimony therefore is inadmissible to demonstrate that Grabowicz concealed her alleged bias on voir dire. We may, however, consider Grabowicz's testimony to determine if she concealed bias or prejudice. *See Board of Trustees Eloy Elementary School District v. McEwen*, 6 Ariz.App. 148, 153, 430 P.2d 727, 732 (1967) (juror's own affidavit is admissible to show whether that juror failed to disclose his bias and prejudice on voir dire).

■ A party may be entitled to a new trial if, *"upon proper inquiry* on voir dire examination," a juror fails to disclose her

bias or prejudice. *Board of Trustees*, 6 Ariz.App. at 154, 430 P.2d at 733; *see also Elliott v. Videan*, 164 Ariz. 113, 117–18, 791 P.2d 639, 643–44 (App.1989) (the trial court did not abuse its discretion in denying motion for new trial based on prospective juror's failure to volunteer that he had signed a recall petition in response to the question of whether he could be impartial). Jurors, however, do not have the duty to volunteer information or respond to questions not posed to them. *United States v. Kerr*, 778 F.2d 690, 694 (11th Cir.1985).

■ The trial court's finding that Grabowicz did not give false answers or otherwise act improperly during voir dire also is dispositive of the issue whether she failed to disclose bias or prejudice on proper inquiry. Counsel did not question her about her attitude toward or knowledge of those areas Hustons now allege show bias on her part. She had no duty to respond to questions not asked by the court or counsel. We must defer to the trial court's resolution of conflicting evidence with respect to alleged juror misconduct, *Wilson*, 54 Ariz. at 243, 94 P.2d at 871, and will not set aside the court's findings of fact unless they are clearly erroneous. *Schade*, 158 Ariz. at 7, 760 P.2d at 1056. Because the record provides substantial support for the trial court's finding that Grabowicz did not conceal bias or prejudice, we find no abuse of discretion in the court's order denying Hustons' motion for new trial based on their allegation that Grabowicz concealed her bias and prejudice on voir dire.[2]

### III.

Hustons next argue that the comments Grabowicz made during jury deliberations regarding antibiotics, surgery, post-operative healing and her husband's bone infection constitute extraneous prejudicial information. They contend that by making the statements to the jury Grabowicz, in effect, acted as an expert medical witness and

---

**2.** Because we conclude that the trial court did not abuse its discretion in finding that Grabowicz did not falsely answer questions or conceal her bias and prejudice on voir dire, we need not determine whether Grabowicz's responses preju-

diced Hustons. See *Catchings v. City of Glendale*, 154 Ariz. 420, 422, 743 P.2d 400, 402 (App. 1987) (a party seeking a new trial based on juror's misconduct must show that the misconduct prejudiced him).

introduced evidence from outside the courtroom, thereby unfairly depriving Hustons of the opportunity to respond. We disagree.

A juror is competent to offer testimony to impeach a verdict in a civil case only "on the question whether *extraneous prejudicial* information was improperly brought to the jury's attention or whether any outside influence was improperly brought to bear on any juror." Rule 606(b), Arizona Rules of Evidence (emphasis added). The trial court's order denying Hustons' motion for a new trial derived from its finding that Grabowicz's statements did not prejudice Hustons. In determining whether juror testimony is admissible to impeach the verdict, however, our first task is to determine whether the personal and medical information that Grabowicz imparted to her fellow jurors constitutes extraneous information. If not, we need inquire no further.

"Substantial policy considerations support [the rule] against the admission of a juror's testimony to impeach a verdict." *Tanner v. United States*, 483 U.S. 107, 119, 107 S.Ct. 2739, 2747, 97 L.Ed.2d 90, 105 (1987). The underlying policy considerations for precluding inquiry into jury deliberations are to discourage harassment of jurors, to encourage free and open discussion in the jury room, to remove incentives for jury tampering, to promote finality and to promote respect for the institution of the jury as fact finder. *McDonald v. Pless*, 238 U.S. 264, 267–68, 35 S.Ct. 783, 784, 59 L.Ed. 1300, 1302 (1915). For all those reasons, a party generally may not use juror affidavits or testimony as evidence of events occurring in, or learned about in, the jury room. *Maxwell v. Aetna Life Insurance Co.*, 143 Ariz. 205, 216, 693 P.2d 348, 359 (App.1984).

Although Rule 606(b) permits jurors to testify about the introduction of extraneous prejudicial evidence, the rule does not open the door to testimony about all matters outside the record that the jurors discuss during deliberations. We expect jurors to draw upon their common sense and

experience and use their knowledge to assist in reaching a verdict. *See, e.g., Hard v. Burlington Northern Railroad*, 812 F.2d 482, 486 (9th Cir.1987) (*Hard I*); *United States v. Duzac*, 622 F.2d 911, 913 (5th Cir.), *cert. denied*, 449 U.S. 1012, 101 S.Ct. 570, 66 L.Ed.2d 471 (1980). In considering whether juror misconduct occurred, we distinguish between a juror's knowledge, opinions, feelings or bias and "[t]he type of after-acquired information that potentially taints a jury verdict." *Hard v. Burlington Northern Railroad Co.*, 870 F.2d 1454, 1461 (9th Cir.1989) (*Hard II*); *see also Kirby*, 133 Ariz. at 44, 648 P.2d at 1050 (juror who consulted a business law textbook during deliberations introduced extraneous information into the jury deliberations).

The central question here, then, is whether, in a civil action, a registered nurse may rely upon her knowledge and past experience during deliberations or whether such knowledge and experience constitute extrinsic or after-acquired information that may have tainted the verdict. Division Two of this court recently considered the same issue in the context of a criminal action. In *State v. Aguilar*, 169 Ariz. 180, 818 P.2d 165 (App.1991), the court determined whether a medical doctor, who served as a juror in a criminal trial, introduced extrinsic evidence into the jury deliberations by "shar[ing] with the other jurors the fund of knowledge he had regarding alcohol and cocaine intoxication and blackouts." The physician told his fellow jurors that he disagreed with the medical expert witness on whose testimony the defendant relied to establish a defense of lack of intent due to intoxication and cocaine ingestion. The court held, pursuant to Rule 24.1(c)(3)(i), Arizona Rules of Criminal Procedure,[3] that the physician's use of his own experience and knowledge did not constitute bringing extrinsic evidence into deliberations. In reaching this conclusion, the court reasoned that during deliberations jurors may rely on their common

**3.** Rule 24.1(c)(3)(i) provides that the court may grant a new trial if "[a] juror or jurors have

been guilty of misconduct by receiving evidence not properly admitted during the trial...."

sense, experience, and any expertise they may have on a certain subject.

The court in *Baker v. Wal–Mart Stores, Inc.*, 727 S.W.2d 53 (Tex.App.1987), also considered a factual situation similar to that presented here. In *Baker*, the appellants sought to impeach the verdict in a negligence action by introducing two jurors' affidavits, which stated that another juror, a registered nurse, told fellow jurors during deliberations her opinion of the effect of medication on the plaintiff. The court concluded that the affidavits were inadmissible to impeach the verdict because the information that the nurse imparted to the jury was learned during the deliberation process and was not the result of any outside influence.

We concur in the view expressed in these decisions. Grabowicz's statements are the product of her own experience and knowledge. We reject the invitation to categorize specialized knowledge possessed by a juror and discussed during deliberations as extrinsic or extraneous information. To do so would cause endless examinations into jurors' comments during deliberations to determine whether a particular juror drew upon unusual or expert knowledge to reach a verdict. Rather, we conclude that Grabowicz's statements fall squarely within the type of information that Rule 606(b) is intended to protect.

▮▮▮ Hustons' argument that Grabowicz's comments introduced extraneous information confuses the functions of voir dire and Rule 606(b). Hustons now contend that, because Grabowicz is a retired nurse, she could not draw upon her medical knowledge during deliberations. During voir dire, Hustons could have questioned Grabowicz about her nursing and personal

experience and the impact of that experience upon her view of the issues involved in the litigation, but chose not to do so. The proper time for a party to raise the issue of the potential impact of a juror's specialized knowledge is during voir dire, not after the party accepts the juror with full knowledge that she does or may possess specialized knowledge. *See Patton v. Yount*, 467 U.S. 1025, 1038 n. 13, 104 S.Ct. 2885, 2892 n. 13, 81 L.Ed.2d 847, 858 n. 13 (1984) (voir dire is an effective method of rooting out bias, especially when conducted in a careful and thorough manner); *Hard II*, 870 F.2d at 1461 (voir dire questioning is the proper method of uncovering prejudicial character traits of potential jurors).

Because Grabowicz did not introduce extraneous information into the jury deliberations, the jurors' testimony, including Amerson's affidavit, is inadmissible to impeach the verdict. Accordingly, the trial court did not abuse its discretion in denying Hustons' motion for a new trial.[4]

### IV.

Hustons next argue that the trial court erred in restricting the scope of the evidentiary hearing.[5] They contend that the trial court should have permitted them to question jurors about Grabowicz's statements based upon her medical knowledge and that the trial court erred in asking the jurors what effect Grabowicz's statements had upon their decision.

▮▮▮ Although it is clear that the trial court may, in the exercise of its discretion, conduct an evidentiary hearing to determine whether the jury considered extraneous prejudicial information during deliberations, *Kirby*, 133 Ariz. at 46, 648 P.2d at 1052; *Foster v. Camelback Management*

---

4. The trial court denied Hustons' new trial motion based on its finding that Grabowicz's statements did not prejudice Hustons. Hustons argue that the trial court abused its discretion in reaching this conclusion. Because we conclude that Grabowicz's statements do not constitute extraneous information, we need not consider whether the statements prejudiced Hustons. *See Kirby v. Rosell*, 133 Ariz. 42, 44, 648 P.2d 1048, 1050 (App.1982) (once the court finds that *extraneous information was improperly brought*

to the jury's attention, it must determine whether a party was prejudiced by the information).

5. Hustons argued in their opening brief that the trial court should not have conducted an evidentiary hearing at all. Hustons concede, however, that they have waived this issue because they failed to object in the trial court to the court's decision to conduct a hearing. Accordingly, we will only consider whether the trial court erred in restricting the scope of the hearing.

*Co.,* 132 Ariz. 462, 463–64, 646 P.2d 893, 894–95 (App.1982), no Arizona cases offer guidance as to the proper scope of such a hearing. We conclude that because the trial court is in the best position "to determine what effect, if any, alleged juror misconduct might have had upon other jurors," *Cota,* 141 Ariz. at 10, 684 P.2d at 891, the trial court must retain substantial "discretion to determine the extent and nature of the hearing." *Hard I,* 812 F.2d at 485 (citing *United States v. Hendrix,* 549 F.2d 1225, 1227 (9th Cir.), *cert. denied,* 434 U.S. 818, 98 S.Ct. 58, 54 L.Ed.2d 74 (1977)).

 Whether the trial court abused its discretion in limiting the scope of the hearing depends upon the purpose of the hearing. As we previously indicated, the trial court's first task was to determine whether Grabowicz's statements introduced extraneous information into the jury deliberations. An evidentiary hearing enables the trial court "to determine the truthfulness of the allegations of juror misconduct or prejudice," *Hendrix,* 549 F.2d at 1228–29, and the trial court did not abuse its discretion in holding a hearing to determine precisely what statements Grabowicz made. Because Grabowicz's statements based upon her medical knowledge did not constitute extraneous information, the trial court did not abuse its discretion in preventing further inquiry into the statements.

■ Hustons also argue that the trial court erred in asking the jurors how Grabowicz's statements about her husband's condition affected their decision. We agree. Although Rule 606(b) permits jurors to testify as to whether the jury considered extraneous information during deliberations, the rule specifically prohibits a juror from testifying as to "the effect of anything upon [the testifying juror's] or any other juror's mind...." Thus, "[j]urors may not testify as to how they or other jurors were affected by the extraneous prejudicial information or outside influence; they may only testify as to its existence." *Hard II,* 870 F.2d at 1461 (citing *Abatino v. United States,* 750 F.2d 1442, 1446 (9th Cir.1985)). Accordingly, the trial court inappropriately questioned the jurors about the effect of Grabowicz's statements on their decision.

The trial court's error does not affect our conclusion. Prior to the evidentiary hearing, the trial court told the parties that it intended to question the jurors about the effect of the statements. Hustons did not object to such questions either prior to or during the hearing. In fact, Hustons' counsel suggested that the court ask the jurors whether Grabowicz's statements affected their decision. Hustons, therefore, have waived this issue on appeal. *See Miller v. Schafer,* 102 Ariz. 457, 461, 432 P.2d 585, 589 (1967) (party who permits improper evidence to be admitted at trial cannot claim reversible error on appeal). Moreover, because none of the challenged statements involved extraneous information, the trial court's inquiry should not have extended beyond determining what statements Grabowicz made. The court's questions about the effect of the statements upon the verdict therefore were simply superfluous and did not cause Hustons any prejudice.

### V.

For the foregoing reasons, we affirm the trial court's order denying Hustons' motion for a new trial.

VOSS, P.J., and EUBANK, J., concur.