858 P.2d 322

**Arthur and Martha RICHTMYRE, husband and wife, Plaintiffs/Appellees,**

v.

**STATE of Arizona, Defendant/Appellant.**

**No. 1 CA–CV 91–0224.**

Court of Appeals of Arizona, Division 1, Department D.

Aug. 26, 1993.

**490**

Grant Woods, Atty. Gen., Tucson by Charles R. Pyle and Terrence E. Harrison, Asst. Attys. Gen., Phoenix, for defendant/appellant.

Aspey, Watkins & Diesel by Donald H. Bayles, Jr. and Zachary Markham, Flagstaff, for plaintiffs/appellees.

## OPINION

SCHNEIDER, Judge.

The issue raised in this appeal is whether the trial court abused its discretion in granting appellees' motion for new trial. The basis of the motion was the allegation that a juror concealed his bias and prejudice during voir dire. We reverse the trial court's order granting a new trial because the evidence relied on by the court in making its determination of voir dire misconduct was inadmissible. Rule 606(b), Arizona Rules of Evidence.[1]

## DISCUSSION

■ The trial court has authority pursuant to Rule 59(a)(2), Arizona Rules of Civil Procedure, to grant a new trial on the basis of juror misconduct. To obtain a new trial based on a juror's lack of candor during. voir dire, a party must show that misconduct occurred and that the misconduct resulted in probable prejudice. *Catchings v. City of Glendale,* 154 Ariz. 420, 422, 743 P.2d 400, 402 (App.1987). This court will not set aside the trial court's granting of a motion for new trial absent a clear abuse of discretion. *Adroit Supply Co. v. Electric Mut. Liab. Ins. Co.,* 112 Ariz. 385, 389, 542 P.2d 810, 814 (1975).

1. **Rule 606. Competency of Juror as Witness** (b) **Inquiry into validity of verdict in civil action.** Upon an inquiry into the validity of a verdict in a civil action, a juror may not testify as to any matter or statement occurring during the course of the jury's deliberations or to the effect of anything upon that or any other juror's mind or emotions as influencing the juror to assent to or dissent from the verdict, or concerning the juror's mental processes in connection therewith, except that a juror may testify on the question whether extraneous prejudicial information was improperly brought to the jury's attention or whether any outside influence was improperly brought to bear upon any juror. Nor may a juror's affidavit or evidence of any statement by the juror, concerning a matter about which the juror would be precluded from testifying, be received for these purposes. Amended Oct. 19, 1988, effective Nov. 1, 1988.

Appellees Arthur and Martha Richtmyre ("the Richtmyres") filed their motion for new trial following a unanimous defense verdict in their negligence lawsuit against the State of Arizona ("the State"). The Richtmyres argued that one of the jurors, Maynard Talley ("Talley"), had failed to reveal his bias towards the State when the trial judge specifically asked the prospective panel during voir dire whether, as taxpayers, they would have any difficulty awarding a judgment against the State. All of the prospective jurors, by their silence, indicated that no problem existed.

The only evidence presented by the Richtmyres in support of their argument that Talley was untruthful during voir dire was an affidavit by another juror, Lisa Valenti ("Valenti"), describing Talley's demeanor and statements during the jury deliberations. Valenti's affidavit stated that when she made a point favorable to the Richtmyres during deliberations, Talley said, "What do you want to do? Give them our tax dollars?" The Richtmyres neither requested an evidentiary hearing on the issue of Talley's alleged voir dire misconduct nor attempted to question Talley himself.

■ The general rule is that affidavits of jurors will not be admitted to impeach a verdict. There are exceptions. One such exception allows the testimony or affidavit of a juror to show that upon inquiry on voir dire the juror failed to disclose his bias and prejudice. *Kirby v. Rosell*, 133 Ariz. 42, 43, 648 P.2d 1048, 1049 (App.1982). The exception is allowed only through the affidavit or testimony of the juror who failed to disclose the bias and prejudice. Affidavits or testimony from other jurors based on knowledge gained during the deliberations are not admissible. *Brooks v. Zahn*, 170 Ariz. 545, 550, 826 P.2d 1171, 1176 (App.1991).

■ The affidavit of juror Valenti that was relied on by the trial court in granting

the Richtmyres' motion for new trial was based solely on statements allegedly made by Talley in the jury room. The Richtmyres presented no other evidence tending to prove that Talley was untruthful during voir dire.[2] Because the Richtmyres must bear the burden of demonstrating that they were denied a fair trial because of juror bias, *Brofford v. Marshall*, 751 F.2d 845, 853 (6th Cir.1985), and the only evidence of juror misconduct they presented to the trial court was inadmissible, the trial court erred in granting the Richtmyres' motion for new trial.

■ Notwithstanding the Arizona cases holding that a juror's affidavit based on information gained during deliberations may not be used to prove that a fellow juror lied during voir dire, the Richtmyres argue that Rule 606(b), Arizona Rules of Evidence, authorizes the admission of evidence tending to show deceit during voir dire. Rule 606(b) governs the competency of a juror to give testimony which would impeach a verdict in civil cases.

We reject this argument for two reasons. The first is that *Brooks v. Zahn*, 170 Ariz. 545, 826 P.2d 1171 (App.1991), was decided after the adoption of Rule 606(b). *Brooks* makes it clear that the rule in Arizona regarding the admissibility of juror affidavits as proof of voir dire deceit has not been changed by the adoption of Rule 606(b). The law remains that only an affidavit or testimony from the juror who engaged in the deceit may be used to impeach the verdict.

The second reason involves an analysis of the federal authorities that have addressed Rule 606(b) in this context. The conclusion is that, even if we assume that Rule 606(b) represents a departure from the rule in Arizona, the result would nevertheless be the same. The federal courts that have considered this issue permit impeachment based on evidence of voir dire deceit only where the testimony or affida-

---

2. The Richtmyres do state in their brief that the trial judge had the opportunity to observe Talley's demeanor at voir dire and during the trial, and imply that these observations affected the trial judge's decision to grant a new trial. How-

ever, there is nothing in the record to indicate anything about Talley's behavior in the court room that could have led to the conclusion that he was untruthful during voir dire.

vit refers to the fellow juror's failure to disclose historical facts, as opposed to a claim of lack of candor regarding the ability to put personal prejudices aside during deliberations. *See Brofford v. Marshall*, 751 F.2d at 853.

The reason to distinguish between alleged failure to disclose historical facts from alleged lack of candor regarding the ability to put aside prejudices is that investigation of the latter necessarily involves inquiry into the juror's thought processes during deliberations and whether that juror's decision was indeed affected by prejudices. Rule 606(b) operates to preclude testimony regarding any statement occurring during deliberations or to "the effect of anything upon [his] or any other juror's mind or emotions." The rule only permits testimony or affidavits "on the question whether extraneous prejudicial information was improperly brought to the jury's attention or whether any outside influence was improperly brought to bear upon any juror."

In *Martinez v. Food City, Inc.*, 658 F.2d 369 (5th Cir.1981), in affirming the trial judge's refusal to consider alleged statements by a juror that the appellant should be "taught a lesson," the court noted that the trial judge properly held this statement inadmissible as it was part of the "subjective deliberation process of the jury" and thus incompetent. *Id.* at 373. In *Martinez*, the appellate court apparently did approve taking evidence from another juror who was accused of misrepresenting or intentionally concealing information during voir dire. Although not discussed in terms of historical facts versus subjective deliberations, it is apparent from the opinion that this juror was examined as to specific experiences in that juror's life that were inconsistent with what was revealed during voir dire.

In *United States v. Kimberlin*, 527 F.Supp. 1010 (S.D.Ind.1981), the trial judge denied a motion for new trial based upon a juror's comment, overheard during the trial, that "They ought to hang him now, so that we can go home." The trial judge answered the defendant's argument that

the statement indicated that the juror failed to reveal a bias during voir dire by noting that the better view is to protect the privacy of the jurors to foster free discussion among them. The trial judge concluded that no inquiry would be permitted concerning this purported remark.

In *United States v. Duzac*, 622 F.2d 911 (5th Cir.1980), the jury sent out a note during the deliberations that because of certain prejudices among jurors, they could not arrive at a verdict. The trial judge instructed the jury to decide the case on the evidence, not on prejudice or sympathy. Guilty verdicts were then returned. Some weeks later the trial judge interviewed the jury foreman about the note. The appellate court affirmed the convictions, holding that the case did not come within any exception that allowed for impeachment of the verdict. The appellate court observed that there were no external influences brought to bear upon the jurors. The prejudice complained of related to personal experiences unrelated to the case. The proper time to sort out such prejudices is during voir dire. The verdict must be upheld even if it is later learned that the prejudices were not set aside during deliberations.

In *Shillcutt v. Gagnon*, 827 F.2d 1155 (7th Cir.1987), the conviction for soliciting prostitution was affirmed in the face of a juror affidavit stating that another juror said, "Let's be logical. He's black and he sees a seventeen year old white girl—I know the type." The statement was held not to be admissible under Federal Rule 606(b). The court traced the history of the adoption of the rule and noted it was not without controversy. It represented a balancing between redressing the injury to a private litigant versus the injury to the public that would result in allowing jurors to testify as to what happened in the jury room. The rule permits exceptions only when the juror testimony relates to extraneous information or outside influences. Exclusion of juror testimony fosters the important public policies of discouraging post-verdict harassment of jurors, encouraging open discussion among

jurors, reducing incentives for jury tampering, and maintaining the jury as a viable decision-making body.

In a civil case similar to the instant case, the court in *Maldonado v. Pacific Ry. Co.*, 798 F.2d 764 (5th Cir.1986), affirmed a trial court's decision not to allow a defendant to introduce a statement of a juror. This was an action for damages that resulted in a verdict for the plaintiff. Defendant argued that he was contacted by a juror who stated that there were substantial discussions concerning defendant's wealth and about the jury's giving the benefit of the doubt to the plaintiff. The appellate court affirmed the inadmissibility of this statement under Rule 606(b). This information concerned the subjective thoughts of the jurors and was not admissible. There was no indication that any juror believed he or she would be unable to treat the defendant fairly and concealed that belief during voir dire.

*Maldonado* brings into focus the answer to the last argument raised by the Richtmyres. This argument is that the Richtmyres are not seeking to introduce what occurred in the deliberation room, but attempting only to show that the juror lied during voir dire. Therefore, the argument continues, the misconduct does not involve the secrecy of the deliberation process. *Maldonado* instructs that this distinction is without merit. *Brofford* also rejected an attempt to distinguish between discussions during deliberations and lying during voir dire. 751 F.2d at 852–853.

This argument must be rejected in order to give effect to the enunciated purposes of Rule 606(b). Otherwise, the prohibitions of the rule would be circumvented simply by arguing that a juror lied during jury selection. Whether a juror lied during voir dire about the ability to set aside his or her prejudices can only be determined by juxtaposing the juror's statements during voir dire with the statements made during deliberation. Every jury panel is asked, in more ways than can be counted, if the jurors can be fair and impartial. Every juror who is seated on a jury tells us, in one way or another, that he or she can be fair and impartial. The only way to determine if what was said during voir dire is not true necessarily involves the court in considering matters that arise during deliberations. So long as this information does not come within a recognized exception to Rule 606(b), the information is not admissible and cannot be considered. If we were to hold otherwise, all the benefits of Rule 606(b) would be lost. Finality will become an illusion. In the words of Judge Learned Hand, "[judges] would become Penelopes, forever engaged in unravelling the webs they wove." *Jorgensen v. York Ice Machinery Corp.*, 160 F.2d 432, 435 (2d Cir. 1947), *cert. denied*, 332 U.S. 764, 68 S.Ct. 69, 92 L.Ed. 349 (1947).

## CONCLUSION

Because the Richtmyres' motion for new trial alleging juror Talley's voir dire deceit was supported solely by inadmissible evidence, the trial court abused its discretion in granting the motion. The trial court's order granting the Richtmyres' motion for new trial is reversed.

CONTRERAS, P.J., and CLABORNE, J., concur.

NOTE: Barry C. Schneider, J., Maricopa County Superior Court, was authorized to participate in the disposition of this matter by the Chief Justice of the Arizona Supreme Court pursuant to Ariz. Const. art. VI, § 3.